JUDGE PRYOR
delivered the opinion oe the court.
Isaac T. Bridges executed his note to J. B. Swope, with the appellee, W. L. Reed, his surety, for one hundred and fifty-nine dollars, due in six months from the 26th day of April, 1859. Bridges having failed to pay the note, W. L. Reed, the surety, instituted this action against Bridges, alleging that he paid the note in full to Swope, and that the same was thereupon assigned to him by the latter, and asks judgment for the amount paid by him, with interest and costs.
The appellant, Bridges, filed a general demurrer to the petition, and also an answer containing two paragraphs: First, that he had arranged or satisfied the claim of the appellee; and second, the statute of limitation. The demurrer to the petition was overruled by the court, and the appellant electing to abide by his demurrer, a judgment was rendered for the amount of the debt and interest, and from which this appeal is prose *331 cuted. This action is not instituted upon the note, but upon the implied assumpsit.
It is alleged that the note was paid in full by the appellee as surety, and that no part of it has ever been repaid by the appellant. The note is not made part of the petition, and the only allegation in reference thereto is “that it was assigned by Swope to the plaintiff.” In the case of Smith v. Latimer (15 B. Mon.) it was alleged that the plaintiff, who was a joint obligor with the defendant, had paid off the entire debt under an agreement with the obligee; that he was to use his name in collecting the amount of the debt from his co-obligor, as the latter owed it; and it was then held that a payment by an obligee under such an agreement did not extinguish the obligation, “but left it in full force as furnishing a remedy for doing justice to the obligor who had made the advance.” It is also said in the same case “ that as the fact of payment may be explained, and its effect modified by agreement in case of an obligation evidenced by judgment, there seems to be no good reason why it may not be when the obligation is evidenced by mere writing.” In this case, however, there is no agreement alleged, and only such a state of facts appearing on the face of the petition as would imply a promise to pay. The note seems to have been filed with the affidavit for an attachment, and the indorsement thereon is as follows:
“I do hereby assign to Wm. L. Reed all my interest in a note executed to me by Isaac T. Bridges, and himself security, dated April 26, 1859, for one hundred and fifty-nine dollars, and he is entitled to the entire proceeds of said note.
[Signed] John Swope.”
If there had been an allegation in the petition that an agreement had been made between the plaintiff and the obligee at the time of payment that the former was to be substituted to all the rights of the obligee, we have no doubt *332 but that the indorsement upon the note would have been ample evidence to sustain such an allegation; but in the absence of such a statement in the petition it must be regarded as an action upon a mere assumpsit, and the limitation of five years as a defense would apply. The demurrer, however, to the petition was properly overruled, as it contains every allegation requisite to maintain an action by the surety for money paid for the use of the principal. It alleges that he was surety, the payment of the money by him to the obligee, and the failure to pay by the appellant. As the appellant elected to stand by his demurrer, the only question presented in this court is whether, if the allegations in the petition are true, they entitle the appellee to recover; and of this there can be no doubt, as already stated. The filing of the demurrer and answer at the same time does not preclude the defendant from waiving his right to a trial upon the merits, and standing by his demurrer.
The appellant having done so in this case, and the petition presenting a cause of action, the judgment must be affirmed.