## Bartley, et ux. v. Ford's Executrix.

(Decided May 17, 1927.)

### Appeal from Pike Circuit Court.

1. Indemnity.—In action on contract to indemnify plaintiff for sums paid as surety on sales bonds for purchase at decretal sale, petition which failed to allege who was the principal, or that he did not pay sale bonds at maturity, or why surety was compelled to pay them, or that surety had not been repaid by the principal, held fatally defective.

2. Pleading.—Where petition alleged that husband and wife pur-
   chased land, and exhibit filed with petition recited that husband
   purchased land, latter must be taken as true.

3. Husband and Wife.—It was not within the power of a wife to bind
   herself personally to indemnify surety on sales bonds executed
   for price of house and lot, where debt was husband's not wife's.

4. Husband and Wife.—In action on mortgage executed by husband
   and wife to indemnify one going surety for the payment of sales
   bonds for real estate, wife's answer denying presence at sale,
   participation or interest therein, or that she was principal on pur-
   chase-money notes, and alleging that she joined in mortgage to
   convey her dower rights, held sufficient to raise defense that
   debt was husband's.

5. Pleading.—Where petition was fatally defective and demurrer to
   the answer was interposed, court should have adjudged insuffi-
   ciency of petition on such demurrer.

MOORE & CHILDERS for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Re-
versing.

Mrs. Elizabeth Ford, as executrix of the will of John
W. Ford, deceased, brought this action in equity against
G. W. Bartley and his wife, Pricy Bartley, alleging that
the defendants were the purchasers at decretal sale of a
certain house and lot in Hellier, Ky.; that at their request
her testator became surety on the two sales bonds exe-
cuted for the purchase price of the lot; that as such
surety he was required to and did pay off both of said
notes at maturity with their accumulated interest.    He
paid the first $1,137.55, on July 19, 1921, and the second,
$1,162.38, on December 5, 1921; and he also paid for de-
fendant the 1921 taxes on the property mentioned
amounting to $13.44.  It is further alleged that to in-
demnify her testator against any loss that he might incur
by reason of the suretyship, the defendants executed
and delivered to him the mortgage mentioned, a copy of
which was filed as an exhibit with the petition. The prayer
was for a personal judgment against both the defend-
ants and to subject the property described to the lien.

The copy of the mortgage which is filed as an exhibit
with the petition recites that G. W. Bartley was the pur-
chaser of the lot for which the sale bonds were executed.
In this respect it contradicts the allegation of the petition
that G. W. and Pricy Bartley were both purchasers.

However, without demurring, defendants filed joint and separate answer denying the allegations of the petition as alleged. Pricy Bartley specifically denied that she was present at the commissioners' sale or participated in the purchase of the property or had any interest therein; and further alleged that she joined with her husband in the mortgage of indemnity to Ford for the purpose of conveying her inchoate rights of dower in the property described therein but at no time claimed any other interest in the property, and that she was not the principal in the purchase-money notes. The court sustained a demurrer to this pleading and granted plaintiff the relief sought, including a personal judgment against Mrs. Pricy Bartley for the debt sued on.

The petition failed to describe the alleged sale bond. It does not state who was principal thereon or that such principal failed to pay the bonds at maturity or why J. W. Ford was compelled to pay them, or that the Bartley's have not repaid Ford for any sum so paid by him; hence it was fatally defective. Lossie v. Frederick, 108 S. W. 885, 32 Ky. Law Rep. 1343; Bridges v. Reed, 9 Bush 329; Bentley v. Bustard, 16 B. Mon. 675, 63 Am. Dec. 561.

Again, while the petition alleges that Mrs. Bartley was a joint purchaser of the land with her husband, this is contradicted by the exhibit filed with the pleading, which recites that her husband alone was the purchaser, a matter not otherwise explained in the pleading, and as the exhibit is controlling, we must assume that she was not the principal in the transaction, and of course she could not bind herself personally for the debt of her husband. Also the answer of Mrs. Bartley raised an issue on that question; hence the court erred in sustaining the demurrer to the answer and also erred in not carrying the demurrer back to the petition and adjudging it insufficient. This will not preclude the plaintiff from perfecting her pleading in this particular upon a return of the case.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.