CASE 34—PETITION ORDINARY—OCTOBER 23.

## Newton's Executor v. Field.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. PLEADING—IMPLIED PROMISE.—While it is not necessary to allege an express promise to pay where the law would imply a promise from the facts stated, yet where the plaintiff seeks to recover for services rendered upon an express agreement to pay for them at a particular time and in a particular way, if he fails to prove the agreement alleged he can not, without amending his petition, recover upon the promise which the law would imply from the fact that the services were rendered at the defendant's request.

In this action against an executor to recover for services rendered to the testatrix under a promise by the testatrix to make compensation by providing for plaintiff in her will, which the plaintiff alleges the testatrix failed to do, the promise alleged not being proved, plaintiff could not, without an amendment to her petition, recover upon an implied promise to pay for the services.

2. Promise to Provide for One by Will.—The bare statement of the testatrix that she would provide for plaintiff or remember her in her will does not justify the conclusion that the testatrix made a contract with plaintiff to make a devise equivalent in value to the plaintiff's services.

3. A receipt purporting to be in full must be regarded as in full of all unsettled demands up to that date, in the absence of some explanation showing for what the receipt was given.

4. Testimony as to Transactions with Decedent.—Plaintiff was not a competent witness to prove the character of the services rendered by her and their value, the condition of the health of the testatrix and the trouble plaintiff had in waiting on her, as these are to be regarded as transactions with the deceased person.

5. Grounds for New Trial.—It is sufficient to state as a ground for new trial that the court erred in admitting incompetent testimony, or in the instructions given for plaintiff or defendant as the case may be, or in refusing instructions asked by the one party or the other, without specifying the particular testimony or instructions.

H. M. HASKINS, SWEENEY, ELLIS & SWEENEY for appellant.

1. The plaintiff having staked her case on the special agreement which defeated the plea of limitation, she could not recover except on proof of the agreement alleged. (Note to sec. 90 Bullitt's Code; Litt., Sel. Cases, 201; 8 B. Mon., 8 B. Mon., 424; Frankfort Bridge Co. v. City of Frankfort, 18 B. Mon., 41.)

2. The receipt of October 31, 1888, is specifically *in full*, and by construction of law, nothing else appearing, is conclusive evidence that at its date plaintiff can not have had a demand against the testatrix for services arising under an implied contract.

3. It was not competent for plaintiff to testify for herself in regard to the personal relations between herself and the decedent. (Civil Code, sec. 606, sub-sec., 2.)

R. S. TODD, REUBEN A. MILLER for appellee.

1. The suit is based upon an express contract, and the petition negatives the idea of a reliance upon an implied contract. Therefore, the motion to elect was properly overruled.

Where an action is brought on an implied promise it is unnecessary if not improper to allege a request or a promise to pay. (Bridges v. Reed, 9 Bush, 329; Drake's Adm'r v. Semonin, 82 Ky., 291.)

2. Where a plaintiff relies upon an express contract he may, if he fails to establish such a contract, recover upon an implied contract necessarily included in the express contract alleged. (Baum v. Winston, 3 Met., 127; Coleman v. Simpson, 2 Dana, 166.)

3. As the contract was one that might be performed within a year, it was not within the statute of frauds. (Matthews' Ex'or v. Wahl, &c., 14 Ky., L. R., 623; Stowers v. Hollis, by, &c., 83 Ky., 548; Daily, &c., v. Cain, 11 Ky. L. R., 936; Howard's Adm'r v. Snider, 9 Ky. L. R., 358.)

4. The general statement that the court erred in admitting the testimony of plaintiff, without specifying the particular testimony complained of, is not good as a ground for new trial.

5. The testimony of plaintiff of which complaint is made did not relate to any transaction with the decedent, and was, therefore, competent. (Fuller v. Wallace' Ex'or, 6 Ky. L. R., 742.)

6. As it is absolutely certain that the jury concluded that an express contract had been made, the error, if any, in instructing as to an implied contract was not prejudicial.

7. The court did not err in instructing the jury that there could be no statutory bar of the claim if founded upon an express contract. (Matthews' Ex'or v. Wahl, &c., 14 Ky. L. R., 623.)

8. The fifty dollars paid October 31, 1888, was pleaded as a payment in full for the year 1888 and for that alone.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee instituted this action against the executor of Mollie Newton for services rendered the testatrix from December, 1879, to December 28, 1892, valued at $250 per annum, and credited by $100, leaving an indebtedness on the part of the testatrix to her of $3,150, for which she obtained a judgment.

It is alleged in the petition that the services were rendered under a contract made with Mrs. Newton by which she agreed to pay the plaintiff, Field, a reasonable compensation for her services by making provision for their payment in her last will and agreed that the devise should be an adequate compensation for the work and labor of the defendant under the contract.

After some preliminary motions made by the defense had been disposed of the appellant (the executor) filed an answer in the case denying that any such contract was made, and pleading payment for all the services rendered by the appellee up to the 31st of October, 1888, filing with this pleading a receipt, purporting to have been signed by the appellee, that reads:

"Received of Mollie Newton, fifty dollars, in full, this October 31, 1888.                    TILL FIELD."

Also three other receipts for $50 each, one dated the 23d of December, 1889, one 17th of February, 1891, and one 24th of December, 1891.

It is also alleged that the appellee was furnished with a home by the testator; was clothed and maintained by her in consideration of the services rendered, and a long itemized account kept by the testator showing the sums of money and other expenses incurred and paid for the appellee by the testator accompanied the answer.   This account is not filed or pleaded as a set-off, but for the purpose, no doubt, as the pleader supposed, of evidencing his version of the contract.

The reply of the appellee admits the execution of the receipts, dated in February, 1891, and December, 1891, but denies the execution and delivery of the receipt purporting to be in full and dated on the 31st of October, 1888, and also denies the execution of the receipt dated December 23, 1889. As to the many items set forth in the account or memorandum filed with the answer of the defendant for moneys advanced and clothing furnished, etc., such as are admitted, the appellee claims were gifts made to her by the testatrix, and not in payment for her services.

It is contended by the appellant that the testimony of the appellee failed to sustain the alleged contract and that mo-

tion for a nonsuit should have prevailed. There was much
testimony as to the character of the services rendered, and
the value as fixed by many of the witnesses exceeded the
amount claimed in the petition, and the court below in-
structed the jury that, although there was no express con-
tract established, the plaintiff was entitled to recover a rea-
sonable compensation for her labor for the last five years
preceding the institution of the suit, the court confining the
recovery to this period of time as the statute of limitations
had been pleaded to the original cause of action.

In the absence of an amended pleading, offered or filed to
correspond with the proof, it was adjudged below that the
express contract could be abandoned and a recovery had
upon an implied agreement arising from the facts estab-
lished, and in this we think the court erred.

Under the Code, if there are averments in a petition pre-
senting a state of facts from which the law would imply a
promise to pay, it is not necessary to allege an express prom-
ise, but an averment that the goods were sold and delivered
at the request of the defendant, or that the labor and ser-
vices were performed by the plaintiff for the defendant at
his special instance and request, would be held sufficient,
and the averment of an express promise to pay, and nothing
more, is mere surplusage, adding nothing to the complaint
and requiring no proof to sustain it.    (Bridges v. Reed, 9
Bush, 329; Drake v. Semonin, 82 Ky., 291.)

But the case before us is based on an express agreement to
pay for the services at a particular time and in a particular
way, the defendant's testatrix agreeing to make a will by
which she would, in some of its provisions, make compensa-
tion to the appellee for the services rendered. The breach
of the contract is then set forth, and upon the hearing it

turns out that no such contract was made, and, therefore, the appellee must go out of court or amend her petition so as to recover upon a *quantum meruit*.

There is a fatal variance between the contract as alleged and that the law would imply by reason of the services having been rendered at the request of the defendant. It is not pretended that this action is based upon an implied contract, but that, as the express contract has failed for want of proof, a recovery may be had, without pleading upon an implied agreement. This can not be done. (Bull v. McCrea, 8 B. M., 424; Frankfort Bridge Co. v. City of Frankfort, 18 B. M., 41.)

It is insisted, however, by the appellee that the recovery was had upon the express contract, and the testimony authorized the jury to find that such a contract was made. It is, therefore, proper to look to the testimony on this point. There are only two witnesses by whom the contract is attempted to be established. The contract, if made, was entered into in the year 1879, near or quite fourteen years before these witnesses were called to testify. Mrs. Acuff says that the testatrix, in her presence, said to the appellee "if she would break up housekeeping and go and live with her she would pay her well for her work, and would remember her in her will. Could not remember the exact words." This witness says the appellee, *as she supposed*, was to be paid by the year, and there was an understanding as to how much was to be paid.

The other witness, a brother of the appellee, states that the appellant advised his sister to break up and live with her; that she was perfectly willing to pay her for it, and "when I die you will be provided for." That was about the run of the conversation.

This is about the substance of the conversation or the

statements of the testatrix made in the presence of these witnesses in the year 1879, and upon which it is claimed this verdict was based. The will of the testatrix was read to the jury, in which she had provided for her old family servants, and seems to have omitted from its provisions, if such a contract was made as is alleged, one who from the testimony had received so many acts of kindness from the testatrix and with whom she had lived and associated for many years and whose claims upon her were equal to that of any of her associates. This conduct is inconsistent with the terms of the alleged contract, and, as appears from the testimony, is inconsistent with the liberal gifts made to the appellee during her lifetime. The testimony, however, is insufficient to sustain the alleged parol agreement. It is neither satisfactory nor consistent with appellee's own proof.

These parties were related to each other. The mother of the appellee had died, and, at the invitation of the testatrix, who had no family or kindred with her, she went to the latter's home, and for thirteen years rendered for her, as the proof shows, valuable services, and for which she should be compensated if payment had not been made; but the bare statement that she would be provided for or remembered in the will of the testatrix will not justify the conclusion that testatrix made a contract by which she would make a devise equivalent in value for the services of the appellee, and, having failed to do so, the courts of the country should make provision for her out of the testatrix's estate.

That appellee performed services for the decedent is not questioned, but if entitled to remuneration she should have amended her petition and asked for the value of her services upon a *quantum meruit* count.

As to the receipt purporting to be in full it must be re-

garded as in full of all unsettled demands up to that date, in the absence of some explanation showing for what the receipt was given. The execution of these receipts are not in fact denied, and some of them recite *"for services rendered,"* but they are not to be held conclusive of a settlement at the date of their execution, and the jury, as to the receipt of October, 1888, may determine from the entire testimony as to whether or not that was in full of services to that date, the court telling the jury that if defendant's testatrix paid to the plaintiff $50 on the 31st of October, 1888, and "it was accepted by the appellee in full of the amount due her at that date, they can not find anything for services rendered prior to that time."

There is one other question as to the competency of the testimony of the appellee. She was offered as a witness to prove, and did prove, the character of the services rendered by her and their value; the condition of the testatrix as to health, and the trouble she had in waiting upon her.

The Code provides that "no person shall testify for himself concerning any verbal statement of or any transaction with or act done or omitted to be done," etc., by a person who is dead. (Civil Code, sec. 606, sub-sec. 2.)

The facts established by the appellee were made the basis of her recovery, and if the creditor can make the estate of one dead his debtor, by establishing upon his own testimony a state of facts arising from transactions had with the deceased, and from which the law will imply a promise to pay, then the mischief intended to be remedied by this provision of the Code remains in all such cases, and a recovery allowed on the testimony of the plaintiff. If this claim had been asserted in a count for work and labor performed for the testatrix at her request, a verdict could be sustained on her tes-

timony, and, therefore, her statements were clearly incompetent. She proves the time she worked for the testatrix; the services performed for her, and the ill health of the testatrix, requiring her attention.

These were all, in the tone, spirit and meaning of the Code, transactions with the decedent, had with the deceased and no one else and so directly connect the deceased and the claimant as to render it irrational to say the acts of the claimant were not transactions with the decedent.

The case of Fuller v. Wallace's ex'or, reported in 6 Ky. Law Rep., 742, reported and decided by the Superior Court, will not be regarded as establishing a different construction of this provision of the Code.

The claim of the plaintiff that the grounds for a new trial are too indefinite can not avail. Where exceptions and objections have been made to the admission of testimony during the trial, or the instructions given at its termination, it has been held sufficient to state in the motion for a new trial that the court erred in admitting incompetent testimony, and erred in its instructions given for the plaintiff, or in refusing to give those asked by the defendant.

For the reasons indicated the judgment is reversed and cause remanded for a new trial.

The appellee should be allowed to amend her petition.