## Smith v. Robinson.

(Decided June 6, 1919.)

### Appeal from Scott Circuit Court.

1. Pleading—Amendments—Variance.—No recovery can be had where the pleadings relied upon an express contract and only an implied one is proven, unless there should be an amendment conforming the allegations to the proof, since the proven contract constitutes a fatal variance from the one relied on in the pleadings.

2. Principal and Agent—Sale of Real Property—Commissions.— When a real estate agent is employed to effect a particular sale to a particular individual he cannot claim commissions either under an express or implied contract upon a sale made to another by the owner after the agent's failure to make the sale for which he was employed, and to which he did not contribute, except to call the attention of the purchaser, who was his brother, to the land and its price.

FORD & FORD for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The plaintiff (appellee), J. W. Robinson, by this suit, sought to and did recover against defendant (appellant), E. D. Smith, a judgment for $432.00 alleged to be due plaintiff as commissions for his services as real estate agent in effecting and bringing about the sale of a farm belonging to defendant in Scott county containing about one hundred and twenty-five acres, and to reverse that judgment defendant has filed a transcript of the record in this court with a motion for an appeal.

Plaintiff in his petition declares on an express contract, alleging in substance that he was employed by the defendant to sell or bring about the sale of the land and that defendant agreed and promised to pay him for his services in doing so two per cent of the purchase price if the land was sold, which as alleged was the usual and customary commission for such services in that vicinity. It was further alleged that defendant, under the contract, agreed to pay to plaintiff the commission if the land was sold at a named price of $180.00 per

acre, and at which price it was afterwards sold by defendant, and to a purchaser whom the plaintiff, in the performance of his contract, procured.

The answer denied in substance the averments of the petition except that it admitted that plaintiff was employed at his request to effect a sale of the farm at $200.00 per acre, which he failed to do, and that he was to have no commission upon a sale at $180.00 per acre.

At the time of the alleged contract and the employment of plaintiff he was or had been engaged in the real estate business in Georgetown, which, as we understand, consisted in not only charging the seller a commission for effecting a sale but likewise entitled him to make a charge against the purchaser in procuring the contract for him.

The sale for which plaintiff claims the right to the commission for which he sues was made by defendant to plaintiff's brother, Dave Robinson, who was surety on the bond for the sale of the land made by the master commissioner under a decree of court. In support of his alleged contract entitling him to recover plaintiff testified that: "I met Mr. Smith on the street one day and I asked him if he would sell one hundred acres of the Hollcroft place with the improvements on, he said 'yes.' I asked the price and he said one hundred and ninety dollars an acre. I said 'Mr. Smith that's a little high isn't it?' and he said no, he thought he ought to get a hundred and ninety dollars. I said, 'I've got a party that I want to show it to and I believe it will suit him." He then stated that the "party" to whom he referred as a prospective purchaser was Benny Bridges, whom he shortly afterwards took to look at the farm, but for some cause he did not purchase the one hundred acres, or any part of it, although several conversations were had with him before his final declination.

After the last conversation with Bridges, plaintiff says this occurred: "We came on out and I saw my brother Dave; he was fixing to go to Lexington, and I told him I believed there was a bargain in the place; that he could make money. I told Mr. Smith, you go on up the street, I want to talk to Dave, and I told him about it and told him, 'you can buy it for a hundred and eighty dollars, and I think it is a bargain; that he

priced it to Benny for that,' but he said he did not want it; too much waste land.''

Other conversations followed between plaintiff and his brother Dave, all of which occurred while the two were riding in a buggy the distance of about two squares, after which plaintiff claims he told defendant about the conversation with his brother Dave, which, however, is denied by defendant.

It is further shown by the testimony that another brother of plaintiff and of Dave Robinson, on his own initiative, approached the latter and urged him to buy the place, which was afterwards done at the price of $180.00 per acre, plaintiff never saying or doing anything further than what is stated in his testimony above.

Under these facts we see no support for the judgment appealed from, and are constrained to the conclusion that defendant's motion for a peremptory instruction should have been sustained for two reasons: (1) plaintiff declared on an express contract, which he totally failed to prove, and (2) his testimony fails to show even an implied contract for commission on the sale which was actually effected, and which was one for the whole farm to his brother, Dave Robinson.

Contracts of this kind with a real estate agent have no peculiar sanctity in the law nor are they entitled to any special favoritism from the courts. They are to be construed and applied according to the same principles that govern other contracts.

From plaintiff's testimony it is plain to be seen that the only negotiations looking to a contract ever had between the parties were at his instance when he met defendant on the streets. Such negotiations had in view and concerned only the sale of one hundred acres of land (not plaintiff's entire farm), and that only to a particular individual, Benny Bridges. If that sale had been made there could be no doubt of plaintiff's right to recover a reasonable or a universally known and customary commission.

The only pretended foundation for the claim to any commissions upon the sale made to plaintiff's brother arises out of the fact that he mentioned the matter to his brother while riding with him about two squares in a buggy when the latter was going to Lexington. The

employment of plaintiff under the agreement detailed in his copied testimony had ceased when he failed to effect the sale to Bridges and we know of no principle of law by which plaintiff's conversation with his brother, Dave, can be construed into a contract with plaintiff entitling him to commissions. The evidence (taking into consideration proven circumstances) preponderates that such conversation was never divulged to defendant by plaintiff although he testified to the contrary, but, be this as it may, he never did anything else looking to the completion of the sale and he testified that he was influenced to mention the matter to his brother in order to enable him to procure a bargain. He says as much in his testimony when he was asked: "Q. You considered it a good bargain, and thought there was money in it for your brother and went and undertook to persuade your brother to buy it? A. Yes, sir." He then testified that his brother made no offer to him nor did he authorize plaintiff to make any offer to defendant, nor was anything else ever said or done by plaintiff with with reference to the sale.

When we consider these facts together with the further one that plaintiff was employed by defendant, if at all, only to sell a particular one hundred acres to a particular individual (contemplating only a single definite transaction), it is quite manifest that plaintiff failed to prove by his own testimony either an express or implied contract entitling him to recover for the sale of the land to his brother. If, however, the facts were sufficient to show an implied contract for commissions on that sale there could then be no recovery with the record in its present condition, since it is well settled that a recovery upon proof of an implied contract cannot be had when only an express contract is declared on. Newton's Extr. v. Fields, 98 Ky. 186; Price v. Price's Extr., 101 Ky. 28; Northrips' Admr. v. Williams, 30 Ky. L. R. 1279; Paducah Ice Co. v. Hall, 113 S. W. R. (Ky.) 105; I. C. R. R. Co. v. Ross, 26 Ky. L. R. 1251.

This rule grows out of the fact that the proven implied contract constitutes a fatal variance from the alleged express one upon which the pleader bases his right of action or ground of defense.

The peremptory instruction to find for the defendant should have been given and the motion for the appeal is sustained, the appeal granted and the judgment reversed for proceedings consistent herewith.