## O'Kain, et al. v. Davis.

(Decided December 5, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Contracts—Plans of Architect—Value of Services Performed.—By a written contract plaintiff was to receive five per cent of the contract price for preparing preliminary plans, &c., and furnishing architectural services during erection of a building, "three and one-half per cent to be paid . . . on acceptance of full plans . . . and awarding of contract." It was further stipulated that should defendant fail to erect the building within two years plaintiff should receive $250.00 for preliminary services. Held: Since contract was never awarded, nor building constructed within two years, plaintiff was limited to $250.00 for all services performed under the contract.

2. Contracts—Evidence—Directed Verdict.—The only evidence sustaining plaintiff's plea of an oral contract executed on the same day as the written contract being defendant's instructions thereafter to prepare working plans, as provided for in the written contract, the court erred in denying defendants' motion for a directed verdict on all claims based upon an oral contract.

3. Contracts—Quantum Meruit—Instructions.—There being no plea of quantum meruit, the court erred in so instructing the jury, since a party may not declare on an express contract and recover on an implied contract, even upon evidence in support thereof.

4. Contracts—Transfer of and Assumption by Another—Release of Original Party.—Mere silence upon part of plaintiff when the contract was in his presence transferred to and assumed by a third party is not sufficient to release the original party from his obligation under the contract for services already performed.

GARNETT & VAN WINKLE and O. S. HOGAN for appellants.

DALLAM, FARNSLEY & MEANS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee, who was plaintiff below, sued appellants to recover the sum of $9,264.36, alleged to be due for services rendered by him upon contract entered into on or about August 4, 1915, with O'Kain; and that on February 1, 1916, appellant, Dawson Springs Hotel and Sanatorium Company "assumed the payment of said fee" and accepted his services.

The defendants, answering separately, set up a written contract executed by O'Kain and Davis on August 4, 1915, and which they alleged was transferred by O'Kain to the hotel company on February 1, 1916; that this was the only contract either had with plaintiff, and that under its terms only $250.00 was due plaintiff since a contract for the construction of the hotel was never awarded or the hotel built, for which amount the hotel company offered to confess judgment. The defendant O'Kain claimed that he was released by consent of plaintiff when the contract was assumed by the hotel company.

By reply plaintiff admitted the execution of the written contract but denied he had released O'Kain from his obligations thereunder, and in addition pleaded that upon the same day the written contract was executed he entered into an oral contract with O'Kain to perform the same services, except the preparation of preliminary

plans, for the same compensation as provided for in the written contract, without reference however to whether the hotel was ever built or not. The affirmative allegations of the reply were denied by a rejoinder.

The written contract is as follows:

"This contract, made and entered into this fourth day of August, 1915, by and between H. G. O'Kain, of Nashville, Tennessee, party of the first part, and Brinton B. Davis, architect, of Louisville, Kentucky, party of the second part,

Witnesseth: That for and in consideration of the sum of five (5%) per cent of the contract price, the said party of the second part agrees to prepare preliminary plans, working drawings, details and specifications of a building to be used as a sanatorium, to be erected in Dawson Springs, Kentucky, and to cost approximately two hundred thousand ($200,000.00) dollars, and to furnish architectural services during the erection of said building, and to do everything that might be properly required of a competent architect, in connection therewith.

"The said party of the second part shall receive his fee in installments as follows: Three and one-half (3½%) per cent to be paid on completion and acceptance of full plans, specifications and details, and awarding of contract for building and the balance, one and one-half (1½%) per cent to be paid on completion and acceptance of the building.

"It is further agreed that in the event the said party of the first part fails to erect the building within two years from the date of this contract, said party of the second part shall receive the sum of two hundred and fifty ($250.00) dollars for preliminary services rendered in connection with this contract, and should this building be erected within five (5) years from the date of this contract, the party of the second part shall, under the terms of this contract, be architect thereof and prepare the plans and specifications therefor.

"In testimony whereof, we have hereunto set our hands and names this fourth day of August, 1915, in duplicate.

"H. G. O'KAIN,
"BRINTON B. DAVIS.
"Witness: J. M. Wright."

The only evidence offered by plaintiff to sustain his. plea of an oral contract executed on the same day as the written one was the direction by O'Kain sometime thereafter to prepare complete working plans for the construction of the hotel. This evidence manifestly was inadequate to sustain the plea, but the trial court, denying the defendants' motion for a directed verdict, submitted the case to the jury upon *quantum meruit* instructions over defendants' objections and exceptions. The jury returned a verdict against both defendants for $1,750.00 in addition to the $250.00 which the court directed them to find against each. The defendants then entered a motion for a judgment notwithstanding the verdict, which the court overruled and entered a judgment in accordance therewith.

As there was no plea of *quantum meruit*, the court erred in the instructions given, since a party may not declare on an express contract and recover on an implied contract even upon evidence in support thereof. Price v. Price's Exor., 39 S. W. 429; Newton's Exor. v. Field, 98 Ky. 186; Paducah Ice Co. v. Hall, 113 S. W. 105; Northup's Admr. v. Williams, 30 Ky. L. R. 1280.

In this case, however, there was not only no plea of an implied contract, there was no evidence in support thereof. Nor was there proof of an oral contract or extension or modification of the written contract, since everything that plaintiff did or was requested to do was covered by that contract.

Hence the court erred in overruling defendants' motion for a directed verdict on all claims based on an oral or implied contract.

Plaintiff's whole case is based upon an erroneous construction of the written contract, which plainly provides for his performance of every service he did perform, and for his payment therefor on one basis in the event a contract was awarded for the construction of the building, but upon a very different basis in the event the building was not erected within two years. That such was the intention of the parties is emphasized by the fact that O'Kain refused to sign the contract prepared by plaintiff until he inserted therein the provision that payment on the commission basis, which plaintiff now seeks to enforce, should depend upon the "awarding of the contract for building."

The contract cannot possibly be construed, as plaintiff seeks to construe it, into covering only preliminary drawings, and payment therefor, since it in the plainest terms possible provides for completed plans and payment for same. The preliminary services for which he was to receive $250.00 in the event the building was not constructed in two years necessarily means all services enumerated in the contract to be performed previous to the awarding of a contract.

Since it is admitted the contract was never awarded and that the building was not constructed in two years or at all, it follows plaintiff, by the very terms of his admitted written contract was limited to $250.00 for all services he performed thereunder, and he performed no other services whatever. That his services may have been worth much more than he agreed to accept for same is of course entirely irrelevant. ·

O'Kain also complains of the judgment against him for $250.00, claiming to have been released from the contract by plaintiff when it was in his presence transferred to and assumed by the hotel company, but we do not think this fact sufficient to constitute a release, as something more than mere silence upon the part of plaintiff after he had performed the services required of him would be necessary to prevent him from insisting upon O'Kain's compliance with his contract.

For the reasons indicated the judgment is reversed for proceedings consistent herewith.