## Kaufman, Sr. v. Jean.

(Decided November 12, 1920.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1.  Principal and Agent—Commissions.—In this action by an agent against his principal to recover commissions for the sale of a tract of land, evidence examined and held that the court did not err in refusing to direct a verdict for the defendant.
2.  Principal and Agent—Contract for Sale of Land.—A written proposition by the owner delivered to the agent authorizing the latter for a limited period to accept a certain price for the land was not a substitute for or termination of the prior verbal contract of employment but was only a means furnished the agent by which a speedy sale to the prospective buyer was attempted in furtherance of the agency contract.

3. Principal and Agent—Abandonment of Agency.—The mere fact that an agent, employed to sell two farms for different owners, attempted to make a sale of the second farm to one of his prospects after his failure to sell him the first one shown him, is not conclusive if any evidence of an abandonment of the agency to sell the first one.

4. Appeal and Error—Instructions.—Where upon the trial of a civil action the party fails to offer an instruction upon a given subject, he cannot upon appeal complain of the failure of the court to give such an instruction.

BENJAMIN F. GARDNER for appellant.

L. R. CURTIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant Kaufman in March, 1918, listed with appellee Jean, a real estate broker, his farm for sale. The latter at his own expense advertised the place for sale and in December, 1918, procured a prospective purchaser therefor, a Mr. Fisher, whom he introduced to Kaufman and to whom he tried to sell the farm, but Fisher would not then pay Kaufman's price and the sale was not consummated then or later by Jean. On January 9, 1919, Fisher wrote to Jean offering $9,500.00 for the farm, and this offer Jean presented to Kaufman by the following writing.

"Louisville, Ky., January 9, 1919.

"Mr. P. Kaufman,

"Dear sir:

"I am authorized to offer you nine thousand five hundred dollars ($9,500.00) for your farm of 114 acres, more or less, near Fairmont and adjoining the F. C. Jean and known as the Johnson farm.

"You are to give good title and general warranty deed free from all encumbrances.

"Yours respt.,

C. P. JEAN, Agent."

On the same paper and below this offer Kaufman at Jean's suggestion made the following counter proposition:

"This proposition is Rejected, but I will take Ten Thousand Five Hundred ($10,500.00). The Purchaser to pay State & County Taxes for 1919. Terms 1/3 Cash

Balance to suit purchaser. Possession to be given on or before March 10th, 1919.

"This proposition is good for 10 days from this date.

"This the 11th Day of January 1919.

"PETER KAUFMAN."

Jean then took Fisher to see the farm again in an effort to sell same to him but Fisher refused to increase his offer of $9,500.00 and there was no sale at that time.

On or about February 24, 1919, Kaufman sold and on the 27th conveyed the farm to Fisher for $10,000.00 cash. In this action Jean sought and recovered of Kaufman judgment for $500.00 as commission for making the sale.

For defense Kaufman, in addition to a denial of the terms of employment alleged in the petition, denied that Jean was instrumental in making the sale and by separate paragraph averred that he employed Jean to sell the farm only upon condition that he receive $10,000.00 net therefor and that Jean's commissions if any were to come out of any excess above that sum. He also pleaded his written counter proposition of January 9, 1919, as an option to Jean in lieu of the original employment, and that upon its expiration Jean's right to sell the land was thereby terminated, and in addition was abandoned by him. A reply traversing the material allegations of the answer completed the issues.

For reversal of the judgment it is urged that the court erred in refusing defendant's motion for a directed verdict, in the instructions given and in the refusal to give offered instructions.

The original employment was verbal and plaintiff and defendant do not agree upon the terms. Plaintiff insists that his commission of 5% was to come out of any price accepted by defendant, while the defendant is equally insistent that he was to have $10,000.00 net and commissions were dependent upon a sale at a larger figure. Both sides of this issue were submitted to the jury by the instructions given. The first ground upon which defendant claims the right to a peremptory instruction is that the written proposition to sell for $10,500.00, which defendant insists was an option to plaintiff and a substitute for the original employment, was not accepted within the 10 days allowed for that purpose and the agnecy was thereby ended. This written proposition both by its terms and upon evidence of its purpose as understood and acted upon by both parties is shown not to have been an option

to plaintiff as buyer from defendant as seller, but only a means furnished by defendant to plaintiff by which a speedy sale to Fisher by Jean was attempted in further-ance of their original contract, and hence not a substitu-tion for or termination of same.

A right to the peremptory is also based upon the claim that plaintiff's evidence proved an abandonment by Jean of the employment and a sale thereafter by Kaufman for which Jean was not the efficient or procuring cause. The abandonment is predicated upon an effort by Jean to sell to Fisher another farm after Fisher declined to accept the $10,500.00 proposition for Kaufman's farm.

But the mere fact an agent employed to sell two farms for different owners attempted to make a sale of the sec-ond farm to one of his prospects after his failure to sell him the first one shown him is certainly not conclusive, if any, evidence of an abandonment of the agency to sell the first one. Jean's letter to Fisher by which it is shown he had been trying to sell him another farm also proves he had not abandoned his efforts to sell him the Kaufman farm, but would do so if Fisher preferred it to the other one. That Jean was the efficient cause of the sale to Fisher of Kaufman's farm is thoroughly established. It was only through him that Fisher learned of Kaufman and his desire to sell or that Kaufman knew Fisher and of his desire to buy a farm. Jean found Fisher, intro-duced him to Kaufman, showed him the farm twice and conducted every negotiation between them save only the final consummation of the sale. The court did not err in refusing to instruct the jury to find for defendant.

Two complaints are made of the instructions given, one of which is that they do not present concretely defend-ant's theory of the original contract of employment in reference to a commission; but there is no merit in this objection since we do not see how his theory could have been more concretely stated than was done by the court in the instruction given, which told the jury, after pre-senting plaintiff's theory, if they believed from the evi-dence "that the defendant Kaufman stipulated and agreed with Jean that Jean should find a purchaser for defendant at a sum that would yield to the defendant ten thousand dollars ($10,000.00) in which latter event the law of the case is for the defendant and you should so find."

The other objection is that the question of the abandonment of the contract by Jean is omitted from the

instructions. There was but slight, if any, evidence of an abandonment, and no instruction was offered by defendant on the subject, hence the error, if any, was waived by him.

The offered instructions present no question that was not fully and correctly presented by those given by the court.

Wherefore the judgment is affirmed.