## Martin v. Wheeler.

(Decided December 14, 1928.)

### Appeal from Boyd Circuit Court.

1.  Brokers.—In action to recover broker's commission for sale of property, where defendant negotiated sale of property with a third person introduced to him by plaintiff as prospective customer who was ready, willing, and able to trade a certain farm for defendants' property, but later traded another property instead, held, that the broker performed his contract and earned his commission by bringing the parties together, though they entered into negotiations and concluded sale when broker was absent.
2.  Appeal and Error.—Court of Appeals is restricted, in the consideration of a case, to what appears in the record on appeal.
3.  Trial.—Where land broker sued principal for commission for sale of land on an express contract, but proved only an implied contract, entitling him to quantum meruit recovery, and did not amend pleadings to conform to proof, defendant's motion for peremptory instruction should have been sustained.

J. B. ADAMSON for appellant.

CHARLES PRATER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant listed a store building and lot located in Ashland, Ky., and valued by him at $25,000, with appellee, a real estate agent, for sale or exchange. Appellee interested Judge J. F. Bailey in the property and introduced him to appellant. Judge Bailey offered to trade a farm in Indiana owned by him for the Ashland property, and appellant went to Indiana with appellee to inspect the farm. Upon his return appellant saw Judge Bailey

and informed him he would not exchange his property for the Indiana farm, and Judge Bailey suggested that he owned property in Lexington, Ky., he would exchange for the Ashland property. Appellant went to Lexington, and being satisfied with the property there, entered into a contract with Judge Bailey for exchange of the properties. Appellee then demanded his commission, which the appellant refused to pay and this suit resulted. Upon the trial the jury returned a verdict against Martin for $550, and he has appealed.

Appellant urges as grounds for reversal: (1) That the verdict was signed by only eight members of the jury and is therefore a nullity; and (2) that the evidence shows the exchange of property between appellant and Judge Bailey did not result from the efforts of the appellee, and that appellant's motion for a peremptory instruction should have been sustained; and (3) that there was no evidence to sustain the express contract declared on by plaintiff in his pleadings.

It was agreed by the parties that a verdict might be returned by a majority of the jury; but, since we have concluded the judgment must be reversed for other reasons, it will serve no useful purpose to discuss ground 1 relied on by appellant for reversal.

The uncontradicted evidence discloses that appellee introduced the purchaser to appellant, and while he was not present when the sale of the property was consummated, he was the procuring cause of the sale. It is insisted that he had abandaned the agency after the trip to Indiana, but there is no evidence tending to indicate such an abandonment. Negotiations between appellant and the purchaser constituted one continuous transaction, and the sale was consummated within a few days after appellant had inspected the Indiana property. It is not necessary that the broker should negotiate the sale when he has procured a purchaser who is able, ready and willing to purchase the property upon the terms named by the principal, and when the broker has brought the parties together and the principal enters into negotiations with the party procured by the broker and concludes a sale with him, the broker has performed his contract and earned his commissions. It is not necessary that the broker should be present at the time the contract is consummated, provided he was the procuring cause in bringing the parties together. Talbott v.

Treacy, 213 Ky. 8, 280 S. W. 153; Clarke v. People's
Roller Mills Co., 206 Ky. 686, 268 S. W. 333; Kaufman v.
Jean, 189 Ky. 511, 225 S. W. 239. The evidence tends to
show that appellee was the efficient cause of the sale to
Bailey of appellant's property. Appellant did not know
Judge Bailey until the latter was introduced to him by
appellee, and it was by reason of appellee's efforts that
the buyer and seller were brought together and the sale
consummated.

The second ground urged by appellant for a reversal
of the judgment must therefore be disallowed.

The plaintiff in his petition alleged in substance that
he was employed by the defendant to sell or trade the
latter's store building in Ashland, Ky., which he valued
at $25,000, and that it was agreed plaintiff was to receive
a commission of 5 per cent. of the amount for which the
building was sold. It will thus be seen that he declared
on an express contract, and it is argued that, since the
proof shows only an implied contract, the lower court
should have sustained appellant's motion for a peremp-
tory instruction, there being no pleading by appellee on
an implied contract. It appears that the building in
question was a double building, divided into two store-
rooms, and one of the issues on the trial was whether
appellant listed the whole building, or only one-half of
the building, with appellee for sale.

Judge Bailey's deposition was read to the jury. He,
of course, knew nothing concerning the terms of the con-
tract between appellant and appellee, and he did not tes-
tify as to the value of the property traded by him to ap-
pellant. The only other witnesses who testified in the
case were appellant and appellee, and their testimony is
set out in the bill of exceptions in narrative form. As
it appears in the record, it is very meager, and we find
nothing as to the value of the property traded, nor as
to the commission to be received by appellee for his
services. The appellee's testimony, as shown by the bill
of exceptions, was as follows:

"That he had the defendant Martin's property,
both parts, for sale; that he took Bailey to look at
it; that they then saw Martin, and a trade was pro-
posed whereby Martin was to trade his property in
Ashland for a farm of Bailey's in Indiana; that he
and Martin went and looked at the farm in Indiana,
but Martin refused to trade for it; that Martin did

later trade Bailey his Ashland property in Lexington, Ky.; that he and Bailey had not agreed on a commission for a trade of Bailey's farm (which was objected to by defendant, because it contradicted the testimony of his own witness, Bailey, whose deposition he had taken before trial, which objection was overruled by the court)."

The appellant's testimony, as shown by the bill of exceptions, was as follows:

"That he (defendant) did not list his property with the plaintiff for sale, or promise him any commission if he obtained a buyer, or told plaintiff to bring him a buyer for his property; that plaintiff had been trying to buy it himself; that the trade for the farm with Bailey was for only one part of the building, and not both parts; that the plaintiff had nothing whatever to do with the trade with Bailey for the Lexington property; that he did go to Indiana and look at the farm, and when he told plaintiff that he would not trade plaintiff did nothing further."

We are informed by counsel for appellee in his brief that evidence was introduced tending to show that the property traded was worth $22,000 or $23,000, and that appellant agreed to pay appellee a commission of 5 per cent. for his services. We are convinced that counsel is correct in his statement that such evidence was introduced, since the verdict of the jury can be accounted for in no other way. The jury apparently concluded from the evidence that the building was exchanged for $22,000 worth of property, but that only one half of the building was listed with appellee for sale, his commission to be 5 per cent. This would account for their verdict of $550. However, we are restricted in our consideration of the case to what appears in the record.

Evidence incorporated in a bill of exceptions in narrative form is unsatisfactory at the best, but when set out as it is in this record it affords little assistance to a reviewing court in ascertaining what transpired at the trial. Attorneys should carefully examine bills of exceptions before they are approved, and see that all pertinent and essential facts introduced in evidence are incorporated therein. The record before us contains no

evidence tending to show the value of the property which appellant received from Judge Bailey in exchange for his store building, or what commission appellee was to receive for his services. There is a failure of proof as to the amount received for the property listed with the appellee for sale or exchange, and, even had this proof been supplied, the appellee only shows himself entitled to a quantum meruit recovery on an implied contract. Appellee declared upon an express contract, but proved only an implied contract, and, as he failed to amend his pleading to conform to the proof, as he might have done (Newton's Executor v. Field, 98 Ky. 186, 32 S. W. 623, 17 Ky. Law Rep. 769; O'Kain v. Davis, 186 Ky. 184, 216 S. W. 354), the appellant's motion for a peremptory instruction should have been sustained.

In Fowler v. Thomson, 193 Ky. 593, 236 S. W. 1047, a real estate broker, who was suing for a commission alleged to be due him, declared upon an express contract, but proved only an implied contract. After citing a number of cases in support of the rule that a plaintiff, declaring on an express contract cannot rely upon an implied contract and have a quantum meruit recovery, in the absence of an amended pleading conforming to the proof, this court said:

> "The facts in the last above cited case are very similar to the ones under consideration, and there we held that the express contract upon which the plaintiff declared was not sustained by proof of an implied contract, and that there was such a variance between the averments of the petition and the evidence as to entitle the defendant, who was being sued for commissions by a broker, to a peremptory instruction in his favor, in the absence of an amended pleading showing an implied contract and right to a quantum meruit recovery. This rule is too old and well established to be varied or repudiated by a court, when relied upon in cases where the facts are as in this litigation."

To the same effect is Smith v. Robinson, 185 Ky. 76, 214 S. W. 771.

The judgment is reversed, and cause remanded, with directions to grant appellant a new trial, and for further proceedings consistent herewith.