## Juett v. Elvove's Administrator.

(Decided May 7, 1929.)

336

FRANKLIN, TALBOTT & CHAPMAN and W. E. DARRAGH for appellant.

FARMER & FARMER and HARRY MILLER for appellee.

Opinion of the Court by Judge Logan—Affirming.

The appellant filed his brief in this case on August 25, 1928. Appellee asked for and was granted time to November 1, 1928, to file brief. Again the time was extended to January 1, 1929, and again extended to February 15, and again to April 1, but no brief is in the record for appellee. It was hardly fair to the court to thus delay the case, and in the end file no brief to aid the court in the determination of the questions involved.

The appellant filed his action in May, 1925. He sought to recover $880 from the estate of Joe Elvove, basing his claim on an alleged contract, by the terms of which Elvove employed him to work for him in housekeeping, cooking, cleaning house, collecting rent and other money due and owing to the decedent, and sundry other services as directed from time to time by the decedent, for which services he was to be paid $30 per month, and was to receive board and lodgings. The total amount earned under his contract, according to his allegations, was $1,080, but he gave credit for $200 which had been paid him. He alleged a performance of the services and the failure of the estate to pay his claim.

In a second paragraph of his petition he sought to recover on an implied contract, and alleged that under his employment he had performed services for which he had not been paid, and that their reasonable value was $880.

The answer was a denial of the allegations of the petition. The case dragged along for years before it was brought to trial, but finally the controversy was submitted to a jury, which returned a verdict in favor of appellee.

The evidence offered by appellant to establish his contract was of the scantiest nature; but the trial court submitted the case to the jury, and, as the jury returned a verdict in favor of appellee, it is unnecessary to go into a discussion of the evidence.

The appellant sought to recover on both an express and implied contract, but we find in the record that just before the trial commenced by agreement of parties appellant elected to proceed with the trial on the express contract alleged in his petition.

The appellant is insistent that the answer filed by appellee did not make an issue, and he repeats this statement several times, and contents himself with the statement oft repeated that the answer was not sufficient. But he nowhere attempts to point out in his brief the fatal defects in the answer, but invites the court to read the answer which the court has done. We find that the petition alleged that appellant entered into a contract with Joe Elvove, the terms of which are set out in the petition. The answer denied specifically that any such contract was made at the time alleged in the petition, or at any time. An issue is squarely joined there, and the terms of the contract are likewise denied in the answer. The answer denies that Elvove agreed to pay appellant $30 per month in consideration of services, and there is a specific denial of that portion of the contract as alleged that he agreed to pay him $30 a month. It is true that appellee does not deny that Elvove did not agree to pay appellant any other sum, but no other sum was mentioned, or discussed, according to the petition. If appellant was employed and his compensation was fixed by an express contract at $30 per month, and that is denied, there is an issue. The answer likewise denies that the services performed by appellant consisted in the doing of the things set out in the petition. If he were to do these things under the terms of the contract, a denial that services rendered to Elvove by appellant were such as alleged in the petition naming and denying them an issue is made, although it is not a denial that he performed other services for which he may have been entitled to pay. But this is not a suit on an implied con-

tract. Appellant elected to stand squarely on his contract, and did not seek to recover on a quantum meruit. We think the able counsel who have filed briefs for appellant are looking at one thing while the court is looking at another. They think appellant should have been allowed to recover on quantum meruit if he established that he performed services for Elvove for which he was not paid, while the court is of the opinion that, when he elected to stand on his plea of an express contract, he abandoned any claim that he may have had to recover on quantum meruit.

We find the same disagreement with counsel in considering the instructions given by the trial court. The instructions allowed him to recover on his express contract, if one was made, and if he performed the services enumerated in the contract. The two instructions did not deny him a recovery if he failed to complete the entire contract, but confined his right of recovery to his carrying out the contract during the time, or any part of the time, that it was in force. The argument made against the instruction by counsel for appellant is that the court required the jury to find that all of the services to be performed had been performed before there could be a recovery. It is true the court did so require but allowed the jury to return a verdict for appellant for any month when he did perform the services, although he may not have done so for every month during the three-year period. It is argued that appellant may have performed services and yet not have performed all of the services called for in the contract. That is very true, and he may have recovered if his action had been such as to authorize him to recover in such a state of case, but he cannot rely wholly on an express contract and recover on an implied contract. Martin v. Wheeler, 226 Ky. 834, 11 S. W. (2d) 961.

Appellant relies on the case of Buckwalter v. Bradley, 104 S. W. 970, 31 Ky. Law Rep. 1177. The opinion in that case is sound. It was there held that, if the person with whom the contract is made fails to comply with it, after performing part of the contract he may recover for what he has done. No one disputes that proposition; but this is not an action to recover compensation for a part performance of services. It is a suit on the contract.

Appellant relies on the case of Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 L. R. A. (N. S.) 907. The court held there that under a contract for personal services an action may be maintained on quantum meruit, and, if appellant was here because he had been denied a recovery when he had sued on quantum meruit, his arguments would be unanswerable.

Appellant contends that the court should have given a peremptory instruction directing the jury to return a verdict for the full amount sued for. The evidence was such that the question was one for the determination of a jury. He complains that the court did not give another instruction which he offered, and which was a peremptory directing the jury to return a verdict for $460 in favor of appellant. There was nothing on which such an instruction could be based. It is true that one of the witnesses offered by appellant testified that she heard Elvove say on one occasion when he paid appellant some money that he still owed him $460. It cannot well be argued that the court should take the statement of one witness out of the whole mass of evidence and base an instruction on that alone. On the whole case we find no substantial error to appellant's prejudice. His case at best was a weak one on the evidence.

Judgment affirmed.