## Equitable Life Assurance Society of United States v. Fannin.

(Decided Feb. 2, 1934.)

BRUCE & BULLITT and DYSARD, TINSLEY & PRICHARD for appellant.

VINSON & MILLER and A. R. IMES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. Our disposition of the first one, of the same style, will be found in 245 Ky. 474, 53 S. W. (2d) 703. No additional pleadings were offered, nor any new issues made after the mandate from this court was filed in the trial one. At the second trial the same verdict was returned, which was for the full amount sued for. The basis of plaintiff's claim, as well as the issues involved, are contained in our first opinion, to which reference is made for that information, and which dispenses with the necessity of our repeating them in this opinion. We reversed the first judgment because of errors (a) in the admission of evidence, and (b) in the instructions given by the court, both of which were corrected at the second trial in which the judgment appealed from was rendered.

Appellant and defendant below, in its motion for a new trial, relied on a number of grounds therefor, but in brief of its learned counsel filed in this court only four of them are argued and presented, and which are: (1) Error of the court in overruling defendant's motion

for a judgment in its favor, notwithstanding the verdict against it; (2) error of the court in refusing to set aside the swearing of the jury because of alleged erroneous statements of counsel for plaintiff (appellee) in his opening statement to the jury; (3) error in the admission of testimony of the physical condition of the deceased (insured) after he ceased the employment of his master, the American Rolling Mill Company; and (4) that the verdict is flagrantly against the evidence. The alleged error in refusing and giving instructions contained in the motion for a new trial is nowhere referred to in brief, and under numerous decisions of this court we are authorized to treat that ground as abandoned. If, however, it were otherwise, then we would not be authorized to sustain it, because the court at the last trial followed the specific directions laid down in our first opinion in instructing the jury, and, whether that is or not correct, it is binding upon the parties to this litigation under the familiar rule known as "the law of the case," to which this court is too thoroughly committed to now call it in question. The same is true with reference to all of the other grounds and points argued in brief of defendant's counsel, except as to the second one, which did not appear and was not presented on the first appeal. The criticized evidence as a basis for ground (3) was, not only referred to, discussed, and examined in our former opinion, but its competency was approved as establishing the fact of the permanency of decedent's disability at the time he ceased to labor for his employer, which was less than one month immediately preceding his death. Such testimony also tended to show that the primary and chief cause of his death was an advanced stage of tuberculosis.

We also held in our first opinion that the verdict of the jury at the first trial was not flagrantly against the evidence, since the question was presented on that appeal and argued in briefs and will be considered as having been so treated by us under the same rule, supra, although not referred to in our opinion. Cases so holding and approving such rule of practice are Drake v. Holbrook, 92 S. W. 297, 28 Ky. Law Rep. 1319; Consolidated Coal Co. v. Moore, 179 Ky. 293, 200 S. W. 458; Yates v. Stevenson, 193 Ky. 37, 234 S. W. 747; City of Hazard v. Eversole, 246 Ky. 721, 56 S. W. (2d) 329, and many others cited in those opinions.

But it is argued that ground (1), supra, was not

before the court on the first appeal, although it was contained in the motion for a new trial filed on the first hearing and was one of the grounds argued in brief of defendant's counsel on the first appeal. It is insisted that the question was not presented because defendant at that hearing entered a motion for a peremptory instruction in its favor, which precluded a subsequent motion for a judgment non obstante veredicto, and that its motion therefor on the first trial was unwarranted and of no effect, and the cases of Connecticut Fire Insurance Co. v. Moore, 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914B, 1106; L. & N. R. R. Co. v. Johnson, 168 Ky. 351, 182 S. W. 214, L. R. A. 1916D, 514; Sheffield-King Milling Company v. Sorg, 180 Ky. 539, 203 S. W. 300; Franklin Fire Insurance Co. v. Cook's Adm'r, 216 Ky. 15, 287 S. W. 553, are cited in support of that contention, but they do not sustain it. The only rule of practice that those cases approve is that the litigant who makes such a motion after having unsuccessfully asked for a peremptory instruction in his favor will not be entitled to a judgment, but only to a new trial. So that, if defendant was not entitled to a verdict in its favor upon the motion it made therefor at the first trial of this case, it was entitled to a new trial, under the doctrine of the cases cited by its counsel on this hearing, but which the lower court refused to grant after the first verdict, and which we approved (under the rule supra) on the first appeal of the case.

Moreover, the insistence upon such a motion is necessarily and always bottomed upon the theory that the pleading of the adversary is so defective and insufficient as to authorize a verdict for the movant. The sufficiency of plaintiff's pleading, therefore, was determined on the first appeal when we approved of the ruling of the trial court, made at the first hearing, in overruling defendant's motion for a peremptory instruction in its favor, since such a motion, not only tests the sufficiency of the evidence to support the verdict, but also the sufficiency of the pleading to support the judgment rendered thereon. Martin v. Wheeler, 226 Ky. 834, 11 S. W. (2d) 961; Utterback's Adm'r v. Quick, 230 Ky. 333, 19 S. W. (2d) 980; Leslie County v. Hart, 232 Ky. 24, 22 S. W. (2d) 278, and others referred to in those opinions. Therefore, the insistence that plaintiff's pleadings are insufficient to support the verdict in her favor became water that had

run over the dam when our first opinion became final, and which was after a reconsideration upon a petition for its modification. However, it could be demonstrated that her pleadings in this case were treated as sufficient during the progress of the cause, and, if defective, it was thereby waived. It is therefore clear, we repeat, that we are precluded, for the reasons stated, from considering any of the grounds argued on this hearing, except No. 2 which we will now dispose of.

That ground is bottomed on a part of the opening statement of counsel for plaintiff made upon the second trial of the case, and which is: "We will not be able to put the widow, Laura Fannin, on the stand, because it is the law that she cannot testify in this case, and the fact that we are not putting her on as a witness is not because she knows something that we don't want the jury to know, or anything of that kind, but because it is the law that she is not a competent witness in the case, and for that reason we won't be able to put her on the stand as a witness." The brief of learned counsel for defendant says that the statement of counsel, of which complaint is made, also contained this language: "She [plaintiff] knows a lot that we would like for her to tell, and I simply wanted the jury to know." The bill of evidence contains no such language, but only that which we have inserted. It is true that counsel filed an affidavit in support of the motion for a new trial in which the last quotation appeared as a part of the opening statement of plaintiff's counsel, but we have condemned that method of bringing such questions before this court for consideration too many times to justify a cataloging of the cases in which it was done. It will therefore be necessary to consider only the authoritative statement contained in the bill of exceptions.

No case is cited in brief in support of the argument, and we have been unable to find one condemning it to the extent of stamping it as prejudicially erroneous (if erroneous at all), so as to authorize a reversal of the judgment therefor. After all, it was no more effective to bring the fact which it contained to the attention of the jury than if counsel had introduced his client and offered to prove the relevant facts within her knowledge, and defendant's counsel had successfully objected thereto. The latter practice is frequently and constantly indulged in, and it always serves to call the at-

tention of the jury to the fact that the offered witness knows material facts relevant to the case, but which he or she is precluded from stating because of some mandatory rule making the witness incompetent. The criticized statement in this case had no other or further effect than would have been produced had the common practice that we have alluded to been pursued, and for which reason we are not disposed to give it the effect that counsel attributes to it. But, in arriving at that conclusion, we would not be understood as indorsing the practice. Neither would we be understood as laying down a hard and fast rule applicable to all cases, since it might be that an opening statement of counsel (of the nature and kind here involved) would contain material error, sufficiently prejudicial to authorize a reversal of any judgment in favor of his client, but which we do not find to be true with reference to the statement here involved.

Wherefore, for the reasons stated, the judgment is affirmed.