### Hamlin v. Commonwealth.

June 3, 1941.

Leonard S. Stephens for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

The appellant, Oscar Hamlin, was convicted of the crime of maliciously striking and wounding another with intent to kill and was sentenced in the August, 1940, term of the McCreary circuit court to confinement at hard labor in the state reformatory at Lagrange, Kentucky, for a period of 2 years.

Appellant seeks reversal upon the ground that the trial court denied him the right of representation by counsel guaranteed in section 11 of the constitution of Kentucky. The rule is well settled that, although the constitution guarantees to the accused in a criminal prosecution the right to be represented by an attorney, it is not the duty of the court to assign counsel to him unless he requests that such be done, and makes the necessary showing in support thereof. Holland v. Commonwealth, 241 Ky. 813, 45 S. W. (2d) 476. But appellant insists in his brief that he requested the court to appoint counsel for him and a motion in that respect was overruled to which he took exception. The bill of exceptions shows that the motion and grounds for new trial contained this complaint and that appellant filed his affidavit in support thereof; but the authenticity of the statements contained in the affidavit was not asserted in the bill of exceptions. In other words, the trial judge has certified to us only the fact that appellant made the same complaint in his motion and grounds for a new trial that he now makes in support of his contention that the judgment should be reversed. No certifiication has been made to us that the matters com-

plained of occurred on or before the trial of the case. Such a presentation of the question was held to be sufficient for consideration on appeal in the case of Warren v. Nash, 68 S. W. 658, 24 Ky. Law Rep. 479, but, to the extent of so holding, that case was overruled in Bannon v. Louisville Trust Co., 150 Ky. 401, 150 S. W. 510, and the rule announced in the latter had been consistently followed since that time.

It is now the established rule that as a prerequisite to our right to determine whether the denial of a motion was prejudicial, it is necessary that the lower court, or by-standers, certify to us in the bill of exceptions the fact that the motion was made and overruled and that the complaining party, at the time, excepted to the ruling of the court in respect thereto. Equitable Life Assurance Soc. of United States v. Fannin, 252 Ky. 600, 67 S. W. (2d) 964, 966; Birkhead v. Home Ins. Co., 259 Ky. 175, 82 S. W. (2d) 310; Heil v. Seidel, 249 Ky. 314, 60 S. W. (2d) 626, 627.

Since this procedure was not observed, and since no other error has been assigned, the judgment of the lower court must be, and it hereby is, affirmed.