Luke BAKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 9, 1956.

W. Clay Robinson, Booneville, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Luke Baker was convicted of storehouse breaking and sentenced to one year in the penitentiary. On this appeal he contends the evidence was insufficient to sustain the verdict, and that he was entitled to an instruction on his theory of the case.

Berley Stewart, owner of a country store in Owsley County, testified that on the night of May 6, 1955, the store was broken into and from $50 to $75 in currency was taken from the cash register. Also, some gasoline was taken from a pump in front of the building. The entry was made by breaking the glass in the back door of the store. The switch controlling the electric motor in the gasoline pump, which was located inside the store, was found to have been turned on, although Stewart was positive that it was turned off when he locked the store that night. Bloodhounds were secured, and they ran a trail from the back door of the store around 10 miles to the home of a man named Vires, who was arrested but later released for lack of evidence.

The defendant Baker was apprehended because on the morning after the break-in, he told an acquaintance that he had stopped at the store the previous night, had found the gasoline pump turned on, and had taken $2.41 worth of gasoline which he intended to pay for the next day.

Two high school boys testified that they had been to a dance with Baker on the night in question; on their way home, in Baker's car, they stopped at the store with the view of siphoning some gasoline into Baker's car from the tank of a car (owned by one of the two boys) that was parked near the store. After they had stopped, Baker went around to the side of the store, for the expressed purpose of meeting a call of nature; when he returned, after about five minutes, they investigated the gasoline pump and found it was turned on, so they put $2.41 worth of gasoline into Baker's car.

Baker's testimony was substantially the same as that of his two companions, who were not indicted with him and who testified for the Commonwealth. He denied entering the store.

No witness for the Commonwealth testified to Baker's exhibiting any money after the alleged break-in at the store. The only evidence concerning money was that later that night he bought a case of beer. We gather the impression from the record that his two young companions had made affidavits, or testified before the grand jury, about Baker showing some money that night, but upon the trial they denied having seen any money in his possession. In testifying for himself, Baker admitted having around $14 in his possession when arrested, but mentioned several sources from which he had obtained money before the alleged offense.

It is our opinion that the evidence is not sufficient to sustain the conviction. The evidence shows only that Baker was at the scene of the crime on the night it was committed, and that he removed gasoline from a pump that could not be operated unless the switch inside the store was turned on. There is nothing other than suspicion to indicate that Baker, rather than some earlier burglar, had turned the switch on. There was no evidence of sudden prosperity of Baker after the money was taken,

or anything to show that he had the stolen money in his possession. His companions did not testify to hearing any breaking of glass, or seeing any light in the store, or any other thing to indicate that Baker had entered the store. The bloodhounds did not follow any trail from the back of the store around to the front where the Baker car had stopped. There was no proof as to fingerprints.

It is true that the circumstances create a suspicion of guilt, but mere suspicion is not enough to sustain a conviction.

█ For the guidance of the court in the event of another trial, we will state that there is no merit in the claim that Baker was entitled to a special instruction on his theory of the case, which was, that he merely took some gasoline and was not guilty of the charged offense of storehouse breaking. See Reynolds v. Commonwealth, Ky., 257 S.W.2d 514.

The judgment is reversed, with directions to set it aside and to grant a new trial.