Paul HART and Ray Richmond, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 30, 1956.

C. B. Upton, Williamsburg, for appellants.

Jo M. Ferguson, Atty. Gen., Albert G. Rhea, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Paul Hart and Ray Richmond, appellants, and two others were jointly indicted for storehouse breaking. On a separate trial, Hart and Richmond were convicted and sentenced to three years' confinement each in the state reformatory. This appeal is prosecuted in forma pauperis.

All four accused were arraigned on January 27, 1956, the day after the indictment was returned. At that time, appellants entered pleas of not guilty and were released on bond. They indicated to the court either that they had engaged or intended to engage a lawyer to defend them. The trial was set for February 14, 1956, at which time the other two defendants moved for a severance and the Commonwealth elected to try the appellants.

It is contended that the appellants were wrongfully deprived of the right to be heard by counsel, as provided by Kentucky Constitution, § 11. See also United States Constitution, Amendment VI.

The request for court-appointed defense counsel for appellant Richmond was received by the trial court on the day of trial. At a hearing in chambers prior to the trial, Richmond related his unsuccessful efforts to obtain counsel. He also stated that he had no money or property. His father was dead and his mother's income was "a little government check".

The trial court also heard the statement of the attorney whom appellant Hart sought to employ. The attorney stated that both Hart and Richmond failed in making the necessary financial arrangements to employ him. Both appellants supported their motion for a new trial with affidavits, setting forth their request to have counsel appointed and their inability to pay or procure counsel.

The appellants were tried without benefit of counsel, although the trial court advised them from time to time of their rights. Richmond testified; Hart did not. The record discloses the appellants' ignorance of court procedure.

The plight of an accused on trial, untrained in the law, has been noted many times. Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854.

It is described in the Johnson case in a quotation from the Powell case, thus:

"The '* * * right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defence, even though he have a perfect one. He requires the guiding hand of counsel at every step in

the proceedings against him.'" [304 U.S. 458, 58 S.Ct. 1022]

 It is the duty of a trial court to assign counsel to defend an accused when the accused makes such a request and a necessary showing in support thereof. Moore v. Commonwealth, 298 Ky. 14, 181 S.W.2d 413; Hamlin v. Commonwealth, 287 Ky. 22, 152 S.W.2d 297. Further duties of a trial court are detailed in Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537, at page 540:

> "* * * In addition to legal rights and guarantees common justice demands that every person accused of a felony be given a fair and impartial trial. This would include the informing of an accused at the beginning of his trial by the judge relative to his legal rights and guarantees; and especially is this true where a plea of guilty is offered and entertained. It is incumbent upon the trial judge to determine whether the waiver of a right to be represented by counsel is made 'intelligently, competently, understandingly and voluntarily.' * *"

See also Parsley v. Commonwealth, Ky., 272 S.W.2d 326.

The failure to observe these duties is a proper basis for awarding a new trial. The circumstances of this case are such that counsel should have been appointed to represent the appellants, and a new trial should be awarded.

Since another trial may occur, it is necessary to consider other grounds urged for reversal. Officers who investigated the break-in were permitted to testify concerning a statement made by appellant Hart, in which he said that he had received part of the stolen property from appellant Richmond. There is some uncertainty as to whether this statement was made in the presence of Richmond. It was made on a day after the break-in. It is urged that Hart's statement was incompetent as to Richmond.

 Incriminating statements made by an accused's accomplice after commission of the crime charged are admissible against the accomplice but are inadmissible against the accused. Bailey v. Commonwealth, 294 Ky. 355, 171 S.W.2d 1005; Metcalf v. United States, 6 Cir., 195 F.2d 213.

It is now urged that the evidence was insufficient to take the case to the jury. The sufficiency of the evidence was not questioned at the trial and cannot be considered now.

It also is urged that the appellants were entitled to a special instruction embodying their defense that they found the stolen property. There is no merit in this contention. Baker v. Commonwealth, Ky., 288 S.W.2d 56; Horn v. Commonwealth, Ky., 251 S.W.2d 864; Merida v. Commonwealth, Ky., 243 S.W.2d 652; Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240.

The judgment is reversed with directions to set it aside and to grant a new trial.