CASE 65—PETITION—FEBRUARY 5.

# Lee and her Committee vs. Morris.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. An account for necessaries furnished by a merchant to the family of a married woman, while her husband was a member of the family, imposed no legal obligation on her or her inherited estate. Her general estate was not liable for the goods furnished, unless she and her husband had recognized the account by a writing, signed by both of them. (*Revised Statutes, article 2, section 1, chapter 47.*)

2. A note executed by the son of an adjudged lunatic, in the assumed character of her agent, is void.

W. S. Botts,                                For Appellant,

CITED—

12 *B. Mon.*, 329 ; *Johnson and wife vs. Jones.*
*Rev. Stat., chap. 47, art. 2, secs. 1 and 3 ; 2 Stant., 11.*
*Parsons on Contracts, chap. 18, sec. 2.*
*Roper on Husband and wife, 236.*
2 *Vesey, jr.*, 138.
2 *Kent's Com., chap. 28, p. 115.*

W. H. Cord,                                For Appellee,

CITED—

7 *Johnson's Chy. R.*, 114.
*Story's Equity, sec. 228.*
*MSS. Opn., Sept. 17, 1845 ; Stewart vs. Wallace's adm'r.*
2 *B. Mon.*, 393 ; *Commonwealth vs. Blanton.*
*Act of Feb. 10th, 1854, Myers' Sup., 271.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The account for necessaries furnished by the appellee, as merchant, to the family of Lucy V. Lee, while her

'husband was a member of it, imposed no legal obligation on her or her inherited estate; and the note executed therefor by her son, in the assumed character of her agent, when she was an adjudged lunatic, was void.

According to the 1st *subsection of section* 1, *article* 2, *of* 2d *vol.,* *Revised Statutes, page* 8, her general estate was not liable for the goods furnished, unless she and her husband had recognized the account by a writing, signed by both of them.

Consequently, as there was no such written recognition, however just the demand might appear to be, the inexorable law exonerates her from the payment of it; and therefore the judgment against her and her committee for the amount of the account cannot be sustained.

Wherefore, the judgment is reversed, and the cause remanded, with instructions to dismiss the action.