## Coffee v. Owens' Administrator.

(Decided October 19, 1926.)

### Appeal from Rockcastle Circuit Court.

1. **Insane Persons.**—Obligation to pay for necessary services furnished a person of unsound mind is implied if furnished with intent to charge therefor.

2. **Executors and Administrators**—Purpose of Statute Relating to Suits Against Personal Representatives of Decedents and Distribution of Estates is to Give Creditors Reasonable Time to Prove up Claims, and Administrator Distributing Estate in Less than Nine Months Does so at Own Risk (Ky. Stats., sections 3847, 3860). —Purpose of Kentucky Statutes, sections 3847, 3860, prohibiting suit against personal representative of decedent prior to six months after appointment and authorizing distribution of estate nine months after qualification of representative, is to give creditors a reasonable opportunity to prove up their claims, and administrator distributing estate in less than nine months does so at his own risk.

3. **Executors and Administrators**—Failure to Prove Claim Against Estate Until Four Months After Qualification of Administrator Does Not Show Claimant to be Negligent (Ky. Stats., sections 3847, 3860).—Claimant against estate, failing to prove claim within four months after qualification of personal representative, is not negligent, in view of Kentucky Statutes, sections 3847, 3860, prohibiting suit against personal representative until six months after qualification.

4. **Executors and Administrators**—Failure to File Claim for Necessary Services Rendered Insane Person Until Four Months After Qualification of Administrator is no Evidence that Services were Rendered Without Intention to Charge Therefor.—Failure of claimant, for necessary services rendered insane person, to file claim within four months after qualification of personal administrator is no evidence that claimant dd not intend to assert claim, or that services were rendered without intention to charge therefor.

5. **Executors and Administrators.**—In action against administrator for necessary services rendered insane person, evidence held not to warrant qualification of instruction to find for plaintiff unless services were rendered without intention to charge therefor.

C. C. WILLIAMS for appellant.

S. D. LEWIS and B. J. BETHURUM for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Nancy Ann Owens was past seventy years of age and lived with her brother, W. L. Langford. The two constituted the family. She was a heavy woman, weighing about 240 pounds. Her mind had not been right for some weeks before February 1, 1920. She was then taken sick and remained an invalid until she died on July 10, 1921. Her sister, Margaret Coffee, lived with her husband and children in a home of their own about half a mile from Mrs. Owens. She was sent for to come and take care of her sister, and did go and take care of her until she died, staying there night and day, and doing all the work, in cluding nursing, cooking, washing, etc. Mrs. Owens had no mind; she could not control her bowels and she had to be nursed and taken care of just like an infant. She had some other relatives who came in occasionally to see her, but the burden fell upon Mrs. Coffee. After her death Mrs. Coffee filed a claim for services against the estate. The case came on for trial before a jury, who returned a verdict for the administrator. Mrs. Coffee appeals.

The plaintiff's evidence showed clearly that the services were necessary, and that they were rendered for a person of unsound mind. The rule on the subject is thus stated in 39 C. J., pp. 739-740:

"Generally, when necessaries are furnished to a person who by reason of mental incapacity cannot himself make a contract, the law implies an obligation on the part of such person to pay for such necessaries out of his own property; his liability for necessaries is deemed rather a benefit than a disadvantage to him.

"To render an insane person liable for necessaries they must have been furnished with intent to charge therefor and not as a mere gratuity, and the credit must have been extended to him and not to a third person."

The court by its instructions to the jury, in substance, told them that they should find for the plaintiff such a sum as they believed from the evidence would fairly and reasonably compensate her for such services as she rendered Nancy Owens in the way of nursing, etc., necessary to her well-being and comfort after such time as Nancy Owens became unable by reason of mental un-

soundnes to understand her need for such services and make a contract therefor, but he added this qualification to the instruction:

> "Unless the jury shall believe from the evidence the said services were rendered on account of any relationship existing between the plaintiff and the said decedent, and without any intention on the part of the plaintiff to charge for same at the time the services were rendered, and if the jury shall so believe the latter state of case, your finding should be for the defendant."

The only evidence to show that the services of Margaret Coffee were rendered without any intention on her part to charge therefor at the time the services were rendred was the testimony of the administrator, who said that he qualified in July, 1921, and after selling the personal property made a settlement with the county court in November, 1921, and paid Mrs. Coffee on December 12, 1921, $325.00, which was her part of the balance in his hands, and that she accepted the money without saying anything about her claim against Mrs. Owens, and that he had no notice of such a claim at that time. He admits that he did hear of the claim in the following January, and it is shown that she then had the claim properly verified and proved. Section 3847 and section 3860, Kentucky Statutes, provide as follows:

> "Six months must run after the date of the qualification of the first personal representative of a decedent's estate by a court of this Commonwealth, before an action shall be commenced against any executor or administrator thereof, except to settle the estate or against an executor *de son tort*. Any action brought in violation of this section shall be dismissed with costs."

> "A personal representative may distribute the estate of a decedent nine months after qualification."

The six months in which Mrs. Coffee could not sue had not expired in December and had not apparently expired in January when the administrator heard of the claim. The settlement was made within about four months after he qualified. He did make a distribution of the estate within much less time than nine months after qualification. The purpose of the statute is to give

creditors a reasonable opportunity to prove up and present their claims, and the administrator who distributes the estate in less than nine months does so at his own risk. The creditor cannot sue until six months after the qualification of the administrator, and about six months after he had qualified the administrator had notice of this claim. As the claimant cannot sue in less than six months a claimant cannot be said to be negligent who fails to verify and prove up a claim within four months. The administrator, as well as the creditors, were bound to take notice of the statute, and the fact that Mrs. Coffee did not present her claim within four months is no evidence that she did not then intend to assert the claim or that the services were rendered without any intention to charge therefor. She had given up her home and left her family. The services she rendered were necessary and were of such character that one could not reasonably be expected to perform them gratuitously for an insane person who could not make a contract to pay, and had an estate consisting of both real and personal property. We, therefore, conclude that there was no evidence warranting the qualification of the instruction above quoted.

Judgment reversed and cause remanded for a new trial.