In the Matter of the Judicial Settlement of the Account of EARL D. CLARK, as Committee of the Person and Property of MILTON H. LAWRENCE, an Incompetent Person.

Supreme Court, Seneca County, October 29, 1930.

*George I. Teter,* for John W. Carey.

*Charles F. Hammond* [*W. S. MacDonald* of counsel], for Earl D. Clark, as committee.

*Herman A. Carmer,* for Albert J. Howell, executor, etc., of Milton H. Lawrence, deceased.

KNAPP, J. The referee's report is confirmed.

I have been unable to find any authority that would permit the taking of an incompetent's money and giving it to him in large amounts to invest. It is the purpose and object of a committee to take over and conserve the estate of an incompetent. If it can be given to the incompetent to manage as he sees fit, there is no need of a committee. This committee acted as such until the death of the incompetent, as I understand it. He never was discharged. He attempted to manage the estate of the incompetent. Having attempted to manage the estate of the incompetent, and having done so, he must be held accountable for the management of that estate. It is regrettable that the committee did not have the advice of counsel to advise him as to what the law provided, but it would be an exceedingly dangerous principle to hold that a committee had authority to take the funds of the incompetent and deliver them to him to invest or to use as he saw fit. No court has gone that far that I have been able to find. It is true that in many cases sums have been directed by the court to be paid for special uses of the incompetent, but that is far different from having the incompetent's committee, without an order of the court, take $1,200 in Liberty bonds belonging to the incompetent, sell them, and deliver the money to the incompetent himself to

invest or for any other purpose. It is not an answer to say that the incompetent had recovered his mind. For while the committee continued to act for one who had been incompetent, he cannot say in one breath that he was committee and acted as such, and in the very next breath say that the incompetent was sane and could manage his own affairs and, therefore, that his committeeship amounted to nothing.

Upon the general rights of a committee see *Matter of Hidden* (243 N. Y. 499).

It is exceedingly unfortunate that this committee finds himself in the situation that he does, but the law is such that relief cannot be granted to him.

The other matters in dispute I believe have been correctly determined by the referee and are stated in full in his report.

The account of the referee for $923.75 for services in this proceeding, with disbursements and stenographer's fees, is approved and allowed.

The committee is entitled to commissions as prescribed by law upon the property of the incompetent, deducting therefrom, however, the sum of $1,802.66, amount with which the committee is surcharged and upon which he is not entitled to commissions.

Application has been made by the attorney for Albert J. Howell, as executor of the last will and testament of Milton H. Lawrence, deceased, and also for Mrs. Louise Burroughs, legatee named in the last will and testament of Milton H. Lawrence, deceased, for an allowance for his costs and disbursements in this proceeding.

An application has also been made by the attorney for George W. Carey, remainderman under the last will and testament of Ruth A. Lawrence, deceased, for an allowance for his costs and disbursements herein.

The power to give costs is created solely by statute and a party cannot obtain them unless he shows a statutory provision which grants them. (*Averbuck* v. *Hochlick*, 63 Misc. 327.)

It may be that this is a special proceeding under section 1492 of the Civil Practice Act and as such, in the discretion of the court, an award might be made at the rates allowed for similar services in an action brought in the same court — in this case, the Supreme Court. However, I do not feel that such an award would be adequate compensation to these counsel for the services that they have rendered, and, if an allowance was made as above stated to them, they might be precluded thereby from presenting a claim to their respective clients for the fair value of their services. Under these circumstances it seems that an allowance to Mr. Carmer and Mr. Teter for the reasons that I have stated should be denied,

leaving them in a position where they can present their bills for services to their clients and receive therefrom adequate compensation. Upon this question the case of *Matter of Maxwell* (218 N. Y. 88) is illuminating.

There is allowed to the committee for his counsel fees and expenses on the settlement of this accounting the sum of $500.