## Commonwealth, for Use of Lynch et al., v. Campbell et al.

(Decided December 4, 1931.)

FAULKNER & FAULKNER for appellants.

WOOTTON, HELM & WOOTON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

This is the second appeal of this case. The opinion on the first appeal is reported in 231 Ky. 386, 21 S. W. (2d) 474, 475, where the facts are fully stated. It was there held that the appellants, who are also the appel-

lants on this appeal, were entitled to a rescission of so much of the deed executed by them to Mattie Lynch Campbell as conveyed to her their interest in her deceased husband's personal estate, and the judgment dismissing their petition was reversed. The opinion contained the following directions: "The settlement attempted to be made is very irregular. The court will set it aside, refer this cause to a commissioner, with directions to allow Mrs. Campbell credit for the $750 that is hers under section 1403, subd. 5, of our statutes to allow her credit upon the $6,934.22 remaining, for all duly verified claims against this estate paid by her, for the funeral expenses and a reasonable monument for the deceased, for her reasonable expenses in settling this estate, including a reasonable fee to her counsel, a reasonable compensation for her services, and, if she has not then paid to plaintiffs their moiety of the sum then remaining, the court will award them judgment for that sum against Mrs. Campbell and her sureties." Upon a return of the case to the lower court, it was referred to a special commissioner with directions to carry out the judgment of this court.

The special commissioner found that the sum of $7,684.22 came into the hands of Mattie Lynch Campbell as administratrix of the estate of Charles L. Lynch, deceased. He found that none of the claims purported to have been paid by the administratrix were properly or legally proved. He allowed Mattie Lynch Campbell, widow of Charles L. Lynch, the sum of $750, under Kentucky Statutes, sec. 1403, subd. 5; he allowed the administratrix the sum of $1,000 for claims paid by her representing expenses incident to the last illness, funeral, and burial of the deceased, Charles L. Lynch; he also allowed her, as a valid charge against the estate the sum of $1,024 paid by the administratrix to various attorneys for the prosecution of John Vermillion charged with the murder of Charles L. Lynch, deceased. He further found that of the balance of $4,910.22, Mattie Lynch Campbell, as widow of Charles L. Lynch, was entitled to one half or $2,455.11, and that the appellants were entitled to the remaining one half with interest thereon from July 20, 1926, the date of the filing of the petition. He allowed nothing to Mattie Lynch Campbell for her services as administratrix.

The appellees filed no exceptions to the special commissioner's report, but the appellants filed exceptions to

so much of the report as allowed, as a valid charge against the estate, the sum of $1,024, paid to attorneys for the prosecution of the alleged murderer of Charles L. Lynch; and, as allowed interest on the amount due them only from July 20, 1926, it being their contention that interest should have been allowed from the date of Mattie Lynch Campbell's qualification as administratrix, which was September 29, 1924. Appellants' exceptions to the special commissioner's report were overruled and the report confirmed. On this appeal it is argued that the lower court erred in overruling appellants' exceptions to the special commissioner's report.

The sums paid by the administratrix to the various attorneys for the prosecution of John Vermillion, who was charged with the murder of her husband, was not a proper charge against the estate of Charles L. Lynch. The appellants had conveyed to Mattie Lynch Campbell their interest in the real estate owned by Charles L. Lynch at the time of his death to enable her to raise funds to prosecute her husband's slayer. There was no agreement that any part of the deceased's personal estate should be used for that purpose. There is some evidence that the appellee Mattie Lynch Campbell paid other attorney's fees in the course of her administration of her husband's estate, but the exact amounts paid or the purposes for which they were paid do not clearly appear. The special commissioner allowed her no credit for these sums and she filed no exceptions to his report. The sums with which she was credited as attorneys' fees, and with which we have to deal, were not proper charges against her decedent's estate, and the lower court erred in overruling the appellants' exceptions to so much of the special commissioner's report as credited the administratrix with such sums.

It is also argued that the lower court erred in overruling appellants' exceptions to that part of the commissioner's report allowing them interest on the money adjudged to them only from July 20, 1926, the date the petition seeking a rescission of the deed was filed. In the former opinion the lower court was directed to allow Mrs. Campbell a reasonable compensation for her services as administratrix. The commissioner made her no allowance for such services, and his reasons for his action as they appear in his report are as follows:

"Your Commissioner further reports and recommends that Mattie Lynch Campbell be allowed

nothing for her services as administratrix of the estate of Charles L. Lynch, deceased, because she collected all the money left by Charles L. Lynch at his death, and used it for her own benefit, and from the record your Commissioner finds that the amount that she used for her personal benefit will exceed any amount that might be due her as commission for her services as administratrix, and for that reason he makes no allowance to her in that behalf.''

It is clear from his report that the commissioner intended to offset what would be reasonable compensation for her services as administratrix by the value of the use of the personal estate during the period from her qualification as administratrix until the appellants filed their suit to recover their portion of the estate.

Mrs. Campbell was appointed administratrix on September 29, 1924, and within three months thereafter all of her deceased husband's personal estate came into her possession. The record shows that she converted the estate to her own use and proceeded to treat it as her own. Section 3859 of the Kentucky Statutes provides that a personal representative, after the expiration of two years from the time he qualifies, shall be charged with interest on the surplus assets in his hands from that period, and before the expiration of two years shall be charged with all interest realized on assets. In construing this and the succeeding section, which provides that a personal representative may distribute the estate of a decedent nine months after qualification, it has been held that a personal representative who distributes the estate in less than nine months after his qualification does so at his own risk, but that after the lapse of nine months from his qualification, he must distribute the estate if all claims against it have been settled, and no litigation is pending, and he will be liable for interest on the balance in his hands from the time at which he ought to have made distribution although two years from his qualification has not elapsed. Coffee v. Owens' Administrator, 216 Ky. 142, 287 S. W. 540; Bemiss v. Widows & Orphans' Home, 191 Ky. 316, 230 S. W. 310.

If a personal representative actually collects interest on the funds in his hands, or uses the funds for his own purposes, he is liable for interest although the time for distribution of the funds has not arrived. Howe v. Winn, 150 Ky. 667, 150 S. W. 842. Under the facts ap-

pearing in this record it would be unjust both to charge the administratrix for interest on the funds in her hands and to deny her reasonable compensation for her services. Had such a charge been made, it would approximate the sum that should have been allowed her as reasonable compensation for her services as administratrix. The commissioner evidently treated the interest on the funds in her hands prior to July 20, 1926, as an offset to her claim for an allowance for the reasonable value of her services. This constituted a compliance with the directions contained in the former opinion and the lower court did not err in allowing interest only from July 20, 1926.

The judgment in so far as it confirmed that part of the commissioner's report allowing the administratrix the sum of $1,024 attorneys' fees is reversed. In all other respects it is affirmed.