## McGavock et al. v. McGavock.

(Decided Dec. 16, 1932.)

JOHN IRICK and LEE HAMILTON for appellants.

JAMES P. EDWARDS and EDWARD BLOOMFIELD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This appeal presents for determination the sufficiency of the allegations and proof to sustain a recovery of money advanced as a portion of the fee of an attorney employed to defend an insane person charged with, and confined in jail, for the crime of willful murder.

Alvin L. McGavock, in 1925, killed Clarence Becker with a deadly weapon. He was arrested and charged with the crime of willful murder, and committed to jail in Jefferson county, Ky. At that time he was 44 years of age. After confinement in jail, he manifested symptoms of insanity. His father and mother resided in Jefferson county. His father engaged a distinguished lawyer to defend him on the charge of murder, and thereafter set about to raise $3,000 with which to pay his fee. O. W. McGavock, an uncle of Alvin, resided in Breckinridge county, Ky. The father of Alvin went to his home and induced him to furnish $1,000 toward paying the attorney's fee, by assuring him that, "if Alvin ever got to himself and got out, he would pay it back, and if he did not do that, when the property of his was sold, he would get his $1,000.00." The evidence sufficiently shows that O. W. McGavock furnished the $1,000.00 with intent to charge Alvin therefor, and not as a mere gratuity, and that the credit was extended to Alvin by reason of the statement of his father, and not to the father. Coffee v. Owens' Adm'r, 216 Ky. 142, 287 S. W. 540. Alvin in no way participated in obtaining the $1,000, nor in paying it to the lawyer. It is not claimed that the money was furnished by O. W. McGavock by any arrangement or understanding with Alvin McGavock, nor did Alvin McGavock authorize or direct his father to procure the $1,000 from O. W. McGavock. He was at that time insane and incapable of entering into a contract, or to authorize his father so to do. Clearly the father was without authority to bind either Alvin McGavock or his estate. His statement or promise to O. W. McGavock did not have such effect. Pearl v. McDowell, 3 J. J. Marsh. 658, 20 Am. Dec. 199; Lee v. Morris, 3 Bush, 210. Therefore the liability of Alvin McGavock, if any exists, in favor of O. W. McGavock, by reason of his having furnished the $1,000, is one created by law, and not by an agreement of himself or his father. While an insane person cannot be held liable on contracts entered into by him, nor by contracts entered into for his use and benefit

or in his behalf by a third person, not a regularly appointed guardian or committee, though such person is a relative, yet, for necessaries furnished to him, the law presumes his consent, and he or his estate is bound therefor. Pearl v. McDowell, supra; D. M. Smith's Committee v. Forsythe, 90 S. W. 1075, 28 Ky. Law Rep. 1034; Coffee v. Owens' Adm'r, 216 Ky. 142, 287 S. W. 540; Turpin's Adm'r v. Stringer, 228 Ky. 32, 14 S. W. (2d) 189; Fitzpatrick's Committee v. Dundon, 179 Ky. 784, 201 S. W. 339; McKee's Adm'r v. Ward, 38 S. W. 704, 18 Ky. Law Rep. 987.

The law implies a contract only to the extent that it is for necessaries, and his liability extends only to the actual value of the benefits received, even though the necessaries be furnished to him before an inquisition of lunacy and the party furnishing same is aware of his mental condition. Smith's Committee v. Forsythe, supra. This brings for consideration the question, Was the furnishing of the $1,000 by O. W. McGavock to pay his lawyer's fee, a necessary, within the meaning of that term as it is commonly understood in such cases? The text-writers and the courts class legal services rendered an insane person who is charged with the commission of a crime, with food, clothing, medical services, and doctor's bills as necessaries. Fitzpatrick's Committee v. Dundon, supra; Jones v. Meyer (Tex. Civ. App.) 248 S. W. 777; Ferguson v. Fitze (Tex. Civ. App.) 173 S. W. 500. In order to recover therefor, it must be established that the services were necessary, actually performed, and the fee therefor was reasonable. McKee's Adm'r v. Ward, supra; In re Freshour's Estate, 174 Mich. 114, 140 N. W. 517, 45 L. R. A. (N. S.) 67, Ann. Cas. 1915A, 726; Hallett v. Oakes, 1 Cush. (Mass.) 296. If such services rendered by the lawyer, whether successful or not, are necessary and actually rendered, the insane person for whose benefit they were rendered is liable for a reasonable fee therefor. Fitzpatrick's Committee v. Dundon, supra. The evidence shows that the entire fee paid to the attorney of Alvin McGavock was $3,000, of which $1,000 was paid by O. W. McGavock. The question of the necessity of the services of the lawyer and the reasonableness of the contribution of the $1,000 by O. W. McGavock are for a jury, under appropriate instructions.

It is argued that the right of recovery herein of O. W. McGavock is controlled by Ward's Committee v. Kimbel, 222 Ky. 517, 1 S. W. (2d) 952. In Ward's Committee v. Kimbel, a feeble-minded person had been adjudged by the circuit court incompetent to manage his estate and a committee was appointed for him. A cousin of the person of unsound mind, over the protest of the committee, took care of the incompetent and sued for taking care of him, claiming the committee had been negligent in looking after and caring for him, and that he, for this reason, had performed the committee's services for the ward, and they were necessary and reasonably worth $300 per year. The case was heard by the jury, who returned a verdict in favor of the claimant for $200 a year, amounting to $1,000. No estate came into the hands of the committee except 200 acres of land. It was in bad repair. The committee had collected the rents therefor, and, after paying taxes and other incidentals, there remained in his hands, about $500. This was the whole estate of the ward except the tract of land. It was held that the powers of the committee were in all respects the same as those of a guardian of an infant under section 2153, Ky. Stats., and that one caring for a feeble-minded person for whom a committee had been appointed cannot maintain any claim against the committee in excess of the income of the ward's lands, and that the right to sell the ward's land by such claimant was controlled by section 2150, Ky. Stats. The import of Ward's Committee v. Kimbel is to define the rights and duties of the committee of an insane person in respect to his real estate, and to limit the power of his commitee to charge his real estate with a liability for his care, support, and maintenance, without the consent of a court of equity. The opinion in that case does not undertake to deal with the subject of the common-law liability of an insane person for reasonable necessaries for his actual wants and needs, where he has no committee. The right to subject the land of an insane person under the statutory control of a committee is in no way here involved. The common-law liability of an insane person for necessaries for the actual wants and needs of life, control the present case, and not the statutes which were enacted solely to limit and restrict the powers of his committee over the ward and his real estate and the rents therefrom.

It is argued that Alvin McGavock was not tried on the charge of willful murder, but tried and convicted of lunacy. Conceding this, the services for which the $1,000 was advanced by O. W. McGavock were essential to the protection of the life and liberty of Alvin McGavock, and his trial and conviction for lunacy terminated the prosecution against him for willful murder. This was "a necessary" within the meaning of this term as it is defined by the common law. This was the purpose for which the $1,000 was advanced by O. W. McGavock. But this case must be reversed for causes we will now consider: First, the plaintiff pitched his cause of action on the contract made by the father as the representative of an insane person, Alvin McGavock; second, Alvin McGavock was an insane person at the time it is claimed by the plaintiff he furnished the $1,000 for his use and benefit. His right of action is one created by the operation of law, by virtue of his furnishing the $1,000, in the circumstances, a necessary, within the meaning of this term as it is defined by the law, and was an actual benefit to him. The plaintiff in his petition and in his evidence, and the court in his instructions to the jury, predicated the plaintiff's right to recover on the existence and terms of a contract alleged to have been made by the father of Alvin McGavock with the plaintiff. In view of the principles we have hereinbefore stated, even though it be conceded that the contract was made by the father of Alvin McGavock with the plaintiff, and that its terms and conditions were established by undisputed and uncontradicted evidence, no cause of action thereby accrued or existed as against Alvin McGavock. The evidence showing the making of the contract by the father was competent for the purpose of establishing that the furnishing of the $1,000 was not gratuitously or voluntarily done by the plaintiff for the benefit of Alvin McGavock. While it is fairly and sufficiently shown that he did not gratuitously or voluntarily furnish the $1,000, and it was a necessary within the meaning of this term and actually for the benefit of Alvin McGavock, yet the plaintiff is not entitled to recover on the allegations of his petition and evidence showing the making of the contract by the father as representative or agent of Alvin McGavock, since it is a well-established rule that a recovery upon proof of an implied contract cannot be had when only an express

contract is declared on. Smith v. Robinson, 185 Ky. 76, 214 S. W. 771, and cases cited. The plaintiff may be permitted to amend his petition to conform to the evidence, if he desires.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.