# Albert Neurath & Son v. Dugan's Adm'r et al.

(Decided Oct. 10, 1933.)

R. RUTHENBURG for appellant.

C. A. WHISTLER and L. R. CURTIS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This action was instituted in the Jefferson circuit court by the appellants to recover of appellees the sum of $530 funeral expenses, etc., for the burial of Marion Dugan, deceased. The trial court sustained the demurrer to the petition, and, appellants failing to plead further, the petition was dismissed, and from the order of dismissal this appeal is prosecuted.

The facts disclosed by the allegations of the petition are in substance these: Marion Dugan, the deceased, died on August 28, 1928. He left surviving him nis wife, the widow, his mother, and a sister, Mabel Fryrear. The deceased left no estate. He had an insurance policy in which the sister, Mrs. Fryrear was named beneficiary. In making arrangements for the

burial of deceased, his widow insisted that he be buried in Louisville. His sister and mother insisted that he be buried at another location about 40 miles from Louisville. Finally the sister agreed that if the widow would consent to the burial of deceased at the place she desired, she would pay the burial expenses out of the proceeds of the said insurance when collected. The widow consented to this. The appellants were present at the time and place and heard this agreement entered into as above stated, and proceeded to bury deceased.

On September 11, 1928, one Emmet Moore qualified as administrator of the deceased and executed bond with the appellee Fidelity & Casualty Company of New York, as his surety. The administrator instituted suit for the wrongful death of the deceased, and recovered the sum of $1,800. After attorney fees and other expenses were paid there remained in the hands of the administrator the sum of approximately $800. Appellants failed to file with the administrator proof or other evidence of their claim, and allege in their petition as reason therefor that they did not know that any administrator had been appointed or that any suit had been instituted or recovery had for the death of deceased, or any estate had come into existence, until just prior to the filing of this suit January 20, 1932, at about which time they called on Mrs. Fryrear to pay their claim pursuant to the agreement above stated, and she then informed them that an administrator had been appointed and recovery had for the wrongful death of deceased. Appellants then proceeded to examine the records and found that on August 28, 1929, about two weeks less than one year after the qualification of the administrator, he, the administrator, had filed his report and settlement of his accounts stating therein that the funeral bill had been paid by the sister of the deceased.

It is insisted for appellants that under the provisions of Kentucky Statutes, sections 6 and 3868, funeral expenses are made a preferred claim, and it was the duty of the administrator to see that same was paid before distribution of the estate and settlement of his accounts, notwithstanding their failure to file proof of claim with the administrator as required by section 3870 of the Statutes. While it is true that funeral expenses are preferred claims against the estate of a

deceased, this does not mean that the administrator should use any more diligence in locating or personally notifying preferred creditors of the estate than other creditors. We know of no provision of the Statute which requires an administrator to personally notify any claimants. The appointment of an administrator is a matter of public record and constitutes constructive notice to all concerned. Section 3860, Kentucky Statutes, reads:

> "A personal representative may distribute the estate of a decedent nine months after qualification."

The purpose of this section is to give creditors reasonable time to prove up their claims, and it has been held by this court that if an administrator distribute the estate in less than 9 months he does so at his own risk. Coffee v. Owens' Adm'r, 216 Ky. 142, 287 S. W. 540. But the statute does not require the administrator to wait a longer period than 9 months, unless he has reason therefor. In the case at bar, the administrator did not distribute the estate until 11½ months after his qualification. The petition does not allege any fraud on the part of the administrator or others. The fact that the sister had agreed to pay the funeral expenses of the deceased, and the further fact that appellants filed no claim within 11½ months after the appointment of the administrator, fairly warrants the inference that the administrator believed that the sister had paid the appellants' claim, and that he acted in good faith in his distribution of the estate.

The petition containing no allegations of fraud, and the settlement of the administrator having been made after the minimum time fixed by statute, precludes any action on the bond in the manner attempted herein. In 24 C. J. page 1069, sec. 2564 the rule is stated thus:

> "The final settlement of the accounts of an executor or administrator and his discharge ordinarily terminate the liability on the bond; it had the force and effect of a judgment, and precludes any action on the bond unless impeached and set aside in an appropriate proceeding."

This rule was followed in the case of Costigan v.

Kraus, 158 Ky. 818, 166 S. W. 755, Ann. Cas. 1915D, 115.

The trial court did not err in sustaining the demurrer to the petition.

The judgment is affirmed.