JEROME REALTY COMPANY, Plaintiff, *v.* HENRY CLAY WILLIS and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District, May 9, 1935.

*Emanuel Goldberg*, for the plaintiff.

*Morris Lavitt*, for the defendants.

LEWIS (DAVID C.), J. The plaintiff, the landlord, sues the estate of an incompetent for the rent of an apartment actually used by the incompetent and his wife for their residence.

It appears from the agreed statement that the said incompetent and his wife and family entered into occupation of the premises on January 14, 1934, at the rental of fifty dollars per month, conceded to be a fair and reasonable sum; and that they remained in possession until October 17, 1934; that the fifty dollars a month rent had been paid up to August 14, 1934; but that the rent for the period of occupancy from August 14, 1934, to October 17, 1934, has not been paid. It is further stipulated that during the term of occupancy of the said apartment by the incompetent and his family, the committee of the incompetent allowed fifty dollars per month to the incompetent, apparently to cover rent; that checks for these monthly payments, running to the order of Minnie Willis (wife of the incompetent), were transmitted by mail addressed to her at the premises.

The committee claims exemption from further liability for this item of rent because of said allowances covered by the said checks sent to the said Minnie Willis.

Incompetency destroys the capacity of a person to expressly contract for his necessaries but it does not destroy the liability of his estate for necessaries required and received by him.

" In *Coffee* v. *Owen's Administrator* (216 Ky. 142) the court (at p. 143) cites and applies the rules stated in 39 C. J. 739 to 740.

" ' Generally, when necessaries are furnished to a person who by reason of mental incapacity cannot himself make a contract, the law implies an obligation on the part of such person to pay for such necessaries out of his own property; his liability for necessaries is deemed rather a benefit than a disadvantage to him.' " (*Matter of Keeling*, 148 Misc. 798, at p. 802.)

The husband's incompetency did not abate his liability for the support of his wife. After he was adjudicated incompetent this marital obligation became a charge against his estate. (*Severson* v. *Macomber*, 212 N. Y. 274, at p. 282.)

Upon its appointment and qualification, the committee assumed the duty to supply house and board for the incompetent. The care and comfort of the incompetent is the primary duty of his committee. (*Matter of Nutting*, 74 App. Div. 468.)

But this obligation to provide necessaries calls for a single performance. Once they are provided and supplied, the obligation is fulfilled, and the committee exonerated from further obligation for them. (*Matter of Stiles*, 64 Misc. 658, at p. 660.) (See, also, *Wanamaker* v. *Weaver*, 176 N. Y. 75; *Wickstrom* v. *Peck*, 155 App. Div. 523.)

But the delivery of a check to the wife does not necessarily work a fulfillment of this obligation. By such delivery the committee may have made the wife its agent to pay over the rent. The incompetent himself could appoint no agent. At any rate the wife could not be considered the agent for the landlord. Hence payment to her could not constitute payment to the landlord and payment to the incompetent would be of no avail. (*Matter of Lawrence*, 138 Misc. 238.)

This dwelling place was a necessary. It was the only home supplied for the incompetent. The estate of the incompetent was chargeable with it. The amount claimed is fair. It should be paid.

Judgment for the plaintiff.