## Rose v. Rose.

June 13, 1941.

F. J. Hanlon for appellant.

James R. McGarry for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This is an appeal from a judgment of the Kenton circuit court overruling exceptions filed by Robert Rose to the settlement of Norma Rose, administratrix of the estate of Harry Rose, deceased.

Harry Rose was a policeman of the city of Covington, and was killed in an automobile accident on November 10, 1938. The only property owned by him at the time of his death was cash in the amount of $25, found on his person, and a claim against the city of Covington for $70 due on his salary. He left surviving him the appellee, Norma Rose, his widow, and the appellant, Robert Rose, his son by a former marriage. Norma Rose qualified as administratrix of her husband's estate, and filed her final settlement in the Kenton county court on November 7, 1939. The settlement showed receipts of $2,845 composed of the following items:

"Money received from the insurance company on settlement of death claim, $2,750; cash on person, $25; City of Covington pay check, $70."

After payment of the debts of the decedent and cost of administration, the sum of $422.52 remained, which the administratrix distributed one-half to herself, the widow of decedent, and one-half to Robert Rose, the decedent's only child. Robert Rose filed exceptions to the settlement in the county court, and they were overruled. He appealed to the circuit court, and considerable proof was heard. Exceptions to a large number of claims paid by the administratrix were filed, but after proof was taken all of the exceptions were withdrawn except three, which read:

"There is a funeral bill due John M. Midden-

dorf and Sons for the burial of the Decedent Harry Rose of $521.10 and is a preferred claim against the estate of the Decedent. Same has not been paid by the Administratrix herein.

"The Decedent at the time of his death was the owner of a Chrisler Automobile and same has not been accounted for by the Administratrix herein. Same is an assett of the estate of the Decedent Harry Rose, Deceased.

"Now comes Robert Rose son and heir at law of Harry Rose, deceased, and objects and excepts to the claim of The Personal Finance Co., for $83.04, because said claim is not properly proven as required by law."

The record is not clear as to the source of the $2,750 item received by the administratrix, but there is an intimation in the proof and briefs that she instituted an action for damages against the person responsible for her husband's death and that the case was settled by the payment to her of $2,750 by the defendant's insurance carrier. If the action was one falling within the purview of Section 6 of our Statutes, the debts of the decedent existing at the time of his death were not payable out of the fund recovered without the consent of the beneficiaries of the recovery. That section provides in part that if the deceased leaves a widow and children the amount recovered, less funeral expenses and the cost of administration and such costs about the recovery, including attorney fees as are not included in the recovery from the defendant, shall be for the benefit of and go one-half to such widow and the other one-half to the children of the deceased. It appears that both appellant and appellee have taken the commendable stand that all just debts of the decedent should be paid out of the recovery. Regardless of the nature of the recovery, the funeral bill was an enforceable claim against the estate if properly presented and in the absence of an agreement that it should be paid out of other funds as claimed by appellee. She testified that the only property left by the deceased was $95 cash, and she informed appellant of this fact. The deceased had a life insurance policy for $2,500 in which the appellant was named beneficiary, and he agreed to pay the funeral expenses out of the proceeds of the policy. John Middendorf appeared at her home shortly after her husband's death, but not at

her request, and she told him there was no estate out of which funeral expenses could be paid and arrangements for the funeral could not be made until Robert Rose had been consulted. She sent for Robert Rose and he agreed to pay the funeral expenses out of the proceeds of the insurance policy and made a contract to that effect with Middendorf. She had nothing further to do with the arrangements for the funeral. Middendorf and Robert Rose denied that the latter agreed to pay the funeral expenses, but Rose admitted that appellant sent for him and told him that she had no money with which to pay the funeral expenses, and that he was the beneficiary named in the insurance policy and that he said to her: "Well, he's got to be buried, he is going to be buried some way." It is conceded that no proof of claim was filed with the administratrix. Middendorf testified that he prepared a proof of claim as required by Section 3870 of the Kentucky Statutes and sent it to an attorney, but the attorney neglected to file it with the administratrix.

Section 3860 of the Kentucky Statutes provides that a personal representative may distribute the estate of a decedent nine months after qualification. The appellee did not distribute the estate until more than nine months after her qualification as administratrix. She testified that she heard nothing concerning the funeral bill until the exceptions to the settlement were filed, and that she had assumed appellant had paid it in accordance with his agreement. There is nothing to indicate that she acted in bad faith in her distribution of the estate, and the circuit court properly held that she was not liable as administratrix for the funeral bill.

In Albert Neurath & Son v. Dugan's Adm'r, 250 Ky. 601, 63 S. W. (2d) 769, 770, where the facts were analogous to those in the instant case, this court said:

"But the statute does not require the administrator to wait a longer period than 9 months, unless he has reason therefor. In the case at bar, the administrator did not distribute the estate until 11½ months after his qualification. The petition does not allege any fraud on the part of the administrator or others. The fact that the sister had agreed to pay the funeral expenses of the deceased, and the further fact that appellants filed no claim within 11½ months after the appointment of the administrator,

fairly warrants the inference that the administrator believed that the sister had paid the appellant's claim, and that he acted in good faith in his distribution of the estate.''

The proof on the exception pertaining to the ownership of a DeSoto automobile is conflicting, but the preponderance of the evidence on this point supports the finding of the circuit court that the automobile belonged to Mrs. Rose. The appellant proved that a license was issued to Harry Rose in 1938 by the county clerk and that the automobile was assessed for taxation for the year 1938 in the name of Harry Rose. It was shown by appellee that the car was purchased on August 1, 1937, and she produced a receipt signed by the seller showing that he had been paid $550 cash on that day. Her proof also showed she had withdrawn $500 from the bank on the same day, and that this amount, plus $50 she had on hand, was paid for the car.

The third exception questions the right of appellee to credit for payment of the claim of the Personal Finance Company amounting to $83.04. Appellant admits the claim is just and should be paid if properly proved, but claims that appellee paid it without the requisite statutory proof, and consequently should not receive credit therefor. Where a personal representative pays a claim without requiring the filing of the affidavit prescribed by statute, he is entitled to credit therefor if he has knowledge of its validity and there is nothing to show that it is illegal or unjust. Tolly v. Champion, 191 Ky. 114, 229 S. W. 90; Terrell v. Rowland, 86 Ky. 67, 4 S. W. 825.

The judgment is affirmed.