PEOPLES STATE BANK & TRUST CO.,
etc., Appellants,

v.

J. J. HODGKIN et al., Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1956.

J. Smith Hays, Jr., William Hays, Winchester, for appellants.

Beverly White, Winchester, for appellees.

CLAY, Commissioner.

The appellant trust company was the executor of Zade Hodgkin's estate, which amounted to something over $92,000. It paid to its attorney a fee of $3,500 and paid to itself a fee of $4,500 for handling this estate. The distributees excepted to the final settlement. On an appeal from the order of the county court the Clark Circuit Court found that the fee allowed the executor was reasonable, but charged the executor with interest at three percent per annum on $60,000 which it held in cash from July 23, 1952, until March 3, 1953, when final distribution was made.

Both the executor and the distributees appeal.

The executor qualified on December 14, 1951. In February of 1952, the principal portion of the real estate and personal property was sold. On June 14, 1952, six months after the date of the executor's qualification, it held in cash approximately $77,000. There were few debts outstand-

ing. It is the contention of the distributees that the executor should at that time have made a substantial distribution, and they insist the executor should have been charged with interest at six percent from that date on $65,000. On the other hand, the executor contends that under KRS 395.190 it was not required to make any distribution for two years, and since the estate was finally settled within less than two years, no interest should be charged on the cash in its hands.

It has been held that an executor may be charged with interest if distribution is not made when it should be made, even within the two year period. Bemiss v. Widows' & Orphans' Home of Christian Church of Kentucky, 191 Ky. 316, 230 S.W. 310; Commonwealth for Use of Lynch v. Campbell, 241 Ky. 349, 43 S.W.2d 994; Greenway's Adm'r v. Greenway, 266 Ky. 114, 98 S.W.2d 283.

In our opinion, the trial court, in recognizing the executors' right to retain a reasonable amount of cash for contingencies, properly charged interest on $60,000 rather than $65,000. Apparently the interest was fixed at three percent because that is the increment the executor reasonably could have earned had the $60,000 been invested. We think the Chancellor exercised a proper judicial discretion in fixing the rate of interest, and in decreeing it should run from July 23, 1952, a reasonable time after the executor could and should have made distribution.

The distributees strongly protest the fee of $4,500 the executor paid to itself. Apparently there were no serious difficulties in the settlement of this estate. However, it was necessary that a substantial amount of real estate and personal property be sold; that oil royalties be collected; and that farm matters be attended to. In addition, the executor performed additional services in connection with obtaining tobacco bases for each of the farms sold, and had some difficulty in the collection of the proceeds from the sale of real estate.

We are not at all in accord with the view of the executor that under KRS 395.150(1) it is entitled as a matter of course to a fee of five percent of the total value of the estate, even though it may be said to have been reduced to personalty. The above mentioned statute provides that the compensation of the executor *shall not exceed* five percent of the value of the personal estate, plus five percent of the income collected. We are of the opinion that the allowance in this case was most liberal; but in view of the fact that the executor is being charged with interest, and since the trial court was in a better position to pass upon this matter than we are, we are not disposed to disturb this finding.

The judgment is affirmed on the original and on the cross appeal.